CHARLES HESS & another *vs.* JOHN M. SINGLER & others.

A devise of the residue of the testator's estate to his son, "to have and to hold," "to him, his heirs and assigns forever, to his and their own use," subject to a charge for the support of the wife and of the sister of the testator, followed by this clause, "I hereby signify o my said son my desire and hope that he will so provide, by will or otherwise, that in case he shall die leaving no lawful issue living, the property which he will take under this will shall go in equal shares " to certain named relations of the testator, does not create a trust in favor of those relations, but gives the devisee an absolute title.

BILL IN EQUITY by Charles Hess and August Eiler, executors of the will of George A. Kramer, to which all the persons interested in the estate were made parties defendant, to obtain the directions of the court.

The bill alleged that Matthias Kramer, the father of George A., died, having devised his property by a will, the material parts of which were as follows :

" All the rest, residue and remainder of all my estate and property, real, personal and mixed; including all of which I may be seised, and to which I may be entitled at the time of my decease, I give to my son George A. Kramer : To have and to hold the same to him, his heirs and assigns forever, to his and their own use, but subject however to the following charges : namely : To pay to and for the use, support and maintenance of my wife Polly Kramer, for and during her natural life, at the rate of fifteen dollars a week : and to pay to or for the use of my sister Genevieve Singler, for and during her natural life, at the rate of twelve dollars and a half a month.

" I hereby authorize the executor or executors acting under this will, or my said son, to purchase annuities for the above-mentioned payments at the Massachusetts Hospital Life Insurance Company, or at some other secure office, in favor of my said wife and my said sister, at any time or times, and by and upon such purchases the said charges upon the estate and property given to my said son shall cease and be discharged.

" It is my will, and I hereby direct the executor or executors acting under this will to expend, in addition to the above provision for my wife, any and all sums of money which may be necessarily incurred in or about the proper nursing and taking care of my wife in any sickness or sicknesses with which she may be visited or afflicted, whether for medical attendance, medicines, nursing or other necessary or proper attentions to her or for her comfort in sickness ; it being my intention to provide for the suitable and comfortable support, care and maintenance of my wife (who is subject to mental derangement) during her natural life ; and the provision which I have thus made for her is intended by me to be in lieu of and in full and in the stead of

any dower or right to dower or thirds or interest in my estate or property.

" I hereby signify to my said son my desire and hope that he will so provide, by will or otherwise, that in case he shall die leaving no lawful issue living, the property which he will take under this will shall go in equal shares — to the children of my late brother Melchior Kramer, one share ; to the children of my said sister Genevieve Singler, including any she may have after the date of this will, one share; to my cousin John Kramer, of Liverpool, in the State of Ohio, one share; to my cousin Matthias Kramer, of said Liverpool, one share ; and to my cousin Crescenz Kramer, of said Boston, one share."

The bill then alleged that the greater portion of the estate devised by George A. Kramer, of whose will they were executors, (a copy of the will being set forth,) was that devised to him as the residuary devisee under the will of his father, and that the children of Genevieve Singler, the surviving children of Melchior Kramer, and John Kramer, Matthias Kramer and Crescenz Kramer, mentioned in the will of Matthias Kramer, contended that by the true construction of that will they were entitled to a greater proportion of the estate than had been devised to them by the will of George A. Kramer, and denied the plaintiffs' authority to sell the real estate according to the authority given by the will of George A. Kramer.

The answer of those claiming under the will of Matthias Kramer alleged that George A. Kramer died leaving no lawful issue living, and alleged that they were entitled to the residue and remainder of the estate of Matthias Kramer, the son George A. Kramer having taken it subject to the trust that in the event of his dying without lawful issue it should go to them respectively in the shares provided in the will.

The other defendants admitted the allegations of the bill.

The case was heard and reserved by *Ames,* J., on the bill and answers.

*E. H. Abbot & L. A. Jones,* for those claiming under the will of Matthias Kramer.

*D. Foster,* (*G. W. Baldwin & J. F. Colby* with him,) for those claiming under the will of George A. Kramer.

GRAY, C. J.  It is a settled doctrine of courts of chancery that a devise or bequest to one person, accompanied by words expressing a wish, entreaty or recommendation that he will apply it to the benefit of others, may be held to create a trust, if the subject and the objects are sufficiently certain.  Some of the earlier English decisions had a tendency to give to this doctrine the weight of an arbitrary rule of construction.  But by the later cases, in this, as in all other questions of the interpretation of wills, the intention of the testator, as gathered from the whole will, controls the court ; in order to create a trust, it must appear that the words were intended by the testator to be imperative ; and when property is given absolutely and without restriction, a trust is not to be lightly imposed, upon mere words of recommendation and confidence.  *Warner* v. *Bates*, 98 Mass. 274, 277.  *Spooner* v. *Lovejoy*, 108 Mass. 529.  *Pennock's Estate*, 20 Penn. St. 268. *Van Duyne* v. *Van Duyne*, 1 McCarter, 397.  *Knight* v. *Knight*, 3 Beav. 148, 172 ; *S. C. nom. Knight* v. *Boughton*, 11 Cl. & Fin. 513.  *Lambe* v. *Eames*, L. R. 10 Eq. 267 ; *S. C.* L. R. 6 Ch. 597. 1 Spence Eq. Jur. 439, 499.  2 Spence Eq. Jur. 64–70.

In the case at bar, the testator devises and bequeaths the residue of his estate to his son, " to have and to hold the same to him, his heirs and assigns forever, to his and their own use, but subject however to the following charges : " These charges are, 1st, the payment of specified sums yearly to the testator's wife and sister for their respective lives, unless discharged. by the purchase of annuities in their favor by the executors (of whom the son is one) under the authority given them by the will ; 2d, the further payment, which the testator expressly " directs '" the executors to make, of all the wife's expenses in case of sickness, in lieu of her right to dower or thirds in his estate.  Subject to these charges during the lives of the testator's wife and sister, the son is given, by the fullest, clearest and most formal words, an absolute estate in fee.

By the further clause of the will, the testator merely signifies to his son his " desire and hope that he will so provide, by will or otherwise, that in case he shall die leaving no lawful issue living, the property which he will take under this will shall go in equal

shares " to certain nephews, nieces and cousins of the testator. This clause, if construed as creating a trust, leaves nothing to the discretion of the son, but amounts to an executory devise over, in case of his death leaving no issue, to the persons named, in definite amounts. To give it that construction would be inconsistent with the principal intention of the testator, as previously manifested, to give the son an absolute title, as well as with the description of the estate in this very clause as " the property which he will take under this will."

It follows that the son had full power to dispose of the estate by will, unfettered by the supposed trust, and that there must be a                                   *Decree for the son's devisees.*