PAUL SEARS *vs.* CATHERINE H. CUNNINGHAM.

Suffolk.   April 4, — May 17, 1877.   AMES & ENDICOTT, JJ., absent.

> The estate of a testator consisted mainly of unimproved land of great value for building purposes, but heavily taxed, and yielding little income, and portions of which he was wont to sell to pay the taxes, his whole income for many years, aside from that from his wife's estate, being barely sufficient to pay the same. By his will he devised his whole estate to his wife "in her own name and for her own purposes, with only this condition, that I wish, at the death of my wife, that she should make an equal division of her estate to such children as shall survive her or their representatives." *Held*, that the will did not create a trust in favor of those children, but gave the wife an absolute title.

CONTRACT for breach of the covenants of seisin and right to convey, contained in a deed from the defendant to the plaintiff of a parcel of land in Dorchester.

The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, on an agreed statement of facts in substance as follows :

The land was a part of the estate devised to the defendant by her husband, who died in August, 1872, at the age of seventy, whose will, drawn by himself in January, 1870, was admitted to probate, and was in the words following :

" That my whole estate, real and personal, I hereby devise and bequeath to my wife Catherine, in her own name and for her own purposes, with only this condition — That on the marriage of my daughter Catherine to William Gray, Jr., I gave her by deed through him, two acres of land, considered as good as any I had, and that I wish at the death of my wife Catherine that she should make an equal division of her estate to such children as shall survive her, or their representatives, and out of the portion that shall come to Catherine to deduct the value of two acres, at as high a valuation as any there is, and to let the

amount be absorbed in the whole amount to be divided, and to place all the parts in trust for them, as many as there shall be; this of course is not to interfere with that part of her estate already in trust."

The testator left five children by his marriage with the defendant, all of whom are still living; and his estate consisted mainly of about nineteen acres of land in Boston, close to the thickly settled part thereof, the tax levy on which, the year of his death, was $1244, and which was of great value for building purposes, but yielded an income of only $350 a year to the testator, and now yields little or no income to the defendant. On this land was the testator's dwelling-house and a small cottage, rented for $150 a year. The testator likewise had a house in Chelsea worth $3600, his household effects, and about $5000 in notes secured by mortgages. He was also seised, to the use of his wife, under the will of her mother, of another estate in Boston, referred to by the last words of the will, on which the tax levy for the same year was $234, and which yielded at that time an annual income of $2000.

The testator's income from all sources for many years prior to his death did not much exceed $1000 a year; but the defendant's separate income of $2000 was received and expended by him, and both his own income and that of the defendant were together no more than sufficient to meet his current family expenses; and, to meet his yearly increasing taxes, he was accustomed to sell parcels of his land as opportunity offered.

The defendant, after her husband's death, applied the $5000 in notes paid over to her by the executor, the whole income she could derive from the estate devised to her by the will, and her entire separate income, to the payment of her husband's debts, the support of her family, and the payment of the yearly taxes on the land; but finding herself unable to do so without selling parcels of land, as her husband was wont to do, she sold the described premises to the plaintiff, to aid in the payment of the taxes for that year. It was also agreed that, before the bringing of this suit, the defendant offered the plaintiff a release of the premises, signed by all her children, which the plaintiff refused.

It was also agreed (if it would be admissible as evidence) that many times before and after the making of the will and up to

the time of his death, the testator told the defendant that each of his children was to have, like his daughter Catherine, two acres of his land at their marriage, and that often during the same period he spoke of his land coming soon into market and his family having plenty after his death.

If the defendant was seised in fee simple absolute of the premises, or had an absolute right to convey, or if her deed with the release would make a good title, judgment was to be for the defendant; otherwise, for the plaintiff in the sum of $500.

*W. A. Herrick*, for the plaintiff.

*J. D. Thomson*, for the defendant.

MORTON, J. The will we are called upon to construe in this case is inartificially drawn; but, taking into consideration the relations of all the parties to each other, and the nature and situation of the property which is the subject of the will, we think it is not difficult to arrive at the intention of the testator. The first clause, "that my whole estate, real and personal, I hereby devise and bequeath to my wife Catherine, in her own name and for her own purposes," standing by itself, would clearly give to his widow an absolute estate. The expression "in her own name and for her own purposes" imports a fee, and is inconsistent with the idea that he intended to give her a life estate or an estate upon a trust for their children. The will then provides that the estate is given to the widow "with only this condition," "that I wish at the death of my wife Catherine that she should make an equal division of her estate to such children as shall survive her, or their representatives;" and the question is whether this provision created an imperative trust in favor of the children. In this, as in all other questions of the interpretation of wills, the intention of the testator, gathered from all the provisions of the will, controls the court. "In order to create a trust, it must appear that the words were intended by the testator to be imperative; and when property is given absolutely and without restriction, a trust is not to be lightly imposed, upon mere words of recommendation and confidence." *Hess* v. *Singler*, 114 Mass. 56, 59, and cases cited.

The clause we are considering merely expresses a wish that the wife at her death should make an equal division of her estate among the children. It does not purport to give the children

any legal or equitable estate, but looks to a disposition to be made by the wife at her death. The estate given by the will consisted mainly of unimproved land of great value for building purposes, which was taxed yearly to a large amount and which yielded but little income. The testator's whole income, independent of that of his wife, was for many years barely sufficient to pay the taxes on this property, and he was accustomed to sell, from time to time, portions of the property to meet the payment of the taxes.

The gift to the wife would be of no benefit to her unless she had the power of disposing of the land during her life. The first clause of the will clearly gives her an estate in fee, and we are of opinion that it was not the intention of the testator by the succeeding clause to create a trust, but that the words used were intended to be recommendatory and not imperative. It follows that the defendant's deed to the plaintiff conveyed a good title.

*Judgment for the defendant.*