ELIZABETH O. P. STURGIS *vs.* ANN C. PAINE & others.

Suffolk.   January 31, 1888. — March 3, 1888.

Present : MORTON, C. J., DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Will — Devise and Legacy — Capital and Income — Trust.*

A testator, after expressing his " desire " that a residue should go to his grand-children, " reserving the use of the personal property and the net income of the real estate " to his son's wife, their mother, " during her life and widowhood " if she survived his son, " to this end " gave the residue to his son in trust to ap-ply the income " at his discretion " for the care and education of such grand-children ; provided that, if his son should die, his son's wife while his widow " shall in like manner receive " such income " to her own use and for the edu-cation and support of my said grandchildren at her discretion " ; and directed that neither his son nor his son's wife should be held to account for property personally occupied by them, and that proceeds of real estate should be applied to improve his estate, or for the grandchildren's education and support. *Held,* that the son's wife, as his widow, had the right in good faith to appropriate the whole income to her own use.

A devise of the residue of a testator's estate to his wife, to be " at her sole use and disposal," followed by this clause, " My said wife is fully acquainted with my reasons for this disposal of my estate, and will by her own last testament do what is right and just to my children and their natural heirs," does not create a trust in favor of the children, but gives the wife an absolute title.

BILL IN EQUITY, filed October 11, 1884, to establish trusts for the benefit of the plaintiff under the wills of her grandfather, William Paine, and of her father, Frederick William Paine.

The case was heard by *Field,* J., and reserved for the consider-ation of the full court, on the pleadings and an agreed statement of facts, and was in substance as follows.

William Paine died in 1833, leaving a will, whereby he devised the residue of his property as follows :

" Fourth.   As to the residue of my property, it is my desire that the same should be secured for the benefit of my grand-children, the children of my son, Frederick William Paine, re-serving the use of the personal property and the net income of the real estate to Ann C. Paine, wife of said Frederick, during her life and widowhood, upon the contingency of her surviving her said husband ; and to this end I give, devise, and bequeath all my estate, real, personal, or mixed, and wherever the same may be found, not before disposed of in this will, to my son,

Frederick William Paine, and his heirs forever. To have, hold, and possess the same to him and them upon the trusts and to the uses hereinafter mentioned, and to no other use, trust, or purpose whatever; that is to say, the said Frederick shall annually receive the rents, interest, and profits of said estates, and, after deducting the necessary expenses for repairs, taxes, and other charges in and about the same, shall retain the balance in his own hands, to be applied by him at his discretion for the support, maintenance, and education of the children of the said Frederick and his present wife, Ann C. Paine, including the children now born as well as such as may at any time hereafter be born to them, either before or subsequent to my decease. And in the event of the decease of my said son, his said wife, so long as she shall survive him and continue his widow, shall in like manner receive the said rents, interest, and profits to her own use and for the education and support of my said grandchildren at her discretion. Upon the event of the demise of my said son, I direct that the judge of probate for said county of Worcester shall appoint one or more trustees to take upon him or them the execution of these trusts, who shall stand seised of said estates in the same manner as I have directed in case of my son Frederick during his lifetime, and as fully as if they were personally named in this will. And the said trustee or trustees so appointed shall hold said estates to the following trusts; that is to say, to pay over the balance of said trust funds to Ann C. Paine, my daughter-in-law before named, during her life or widowhood, and upon the event of her contracting a second marriage, then it is my will that said trustee or trustees shall stand seised of said real estates and hold and possess said personal property to the use of my said grandchildren, the children of Frederick William and Ann C. Paine, during their minority, and whenever either of said children shall arrive at full age, said trust, as it relates to him or her respectively, shall cease and determine, and said child shall stand seised in fee simple of his or her share in said real estate and personal estate, in the same manner as if it had been bequeathed to him or her without the intervention of trustees. Provided, however, that said trust shall not determine during the lifetime of my said son, nor until the death or second marriage of the said Ann C. Paine. Upon the

termination of said trust, said property shall be equally divided between such of said grandchildren as may then be alive, and if either of them shall decease before a division of said property, leaving lawful issue, the issue of such deceased grandchild shall be entitled to the same share in the distribution as his or her ancestor would had they been living.

" In case my son should not accept the trust hereby vested in him, or in case of his subsequent resignation of the same, or in case of a vacancy in the trust at any time, then one or more trustees shall be appointed by the judge of probate, the Court of Chancery, or other proper tribunal, in manner as is hereinbefore directed. And the said trustee or trustees so appointed shall stand seised of said estates and personal property to the uses herein specified. Provided, however, that no trustee shall be appointed during the lifetime of my said son without his consent.

" The trustees herein provided for shall in all cases render an inventory of said estates and funds from time to time, as they may be ordered by the proper tribunal, and shall give satisfactory bonds for the faithful execution of said trusts. Provided that no other security shall be required of my said son, while in the execution of said trust, but his own personal bond. Any other trustee shall pay over the net proceeds of said estates, real and personal, to the joint order of my said son and his said wife during their lives, and to the order of the survivor of them during life, or during the widowhood of the said Ann C. Paine, to be by them appropriated as is before provided. It is my further direction, that my said son or his wife shall never be held to account for the rent, income, or use of such parts of my property or chattels as they shall personally occupy, and such personal occupation shall not be construed to impair this trust.

" My trustees, whether appointed by me or by any proper tribunal, shall have power to sell and pass deeds of any part of my real estate (excepting the home farm and every part thereof), either in fee simple, absolute, or upon mortgage or any less estates, and for the proceeds of any such conveyances they shall render an account as is before provided, and the same shall be applied solely for the improvement of said estates, or for the education and maintenance of my said grandchildren."

Frederick William Paine held the position of trustee under this will, from 1833 to September, 1869, when he died, and the defendant, Nathaniel Paine, was appointed trustee in his stead on November 16, 1869, and has so continued ever since. Nathaniel Paine proceeded to convert the greater part of the home farm so called into money by sales under a decree of the Probate Court, and established from the proceeds a trust fund, which, as increased by other sales from time to time, he invested in income-yielding securities. The income upon these securities, and the rents and profits of real estate remaining unsold, were paid over by the trustee, after deducting expenses and charges, to the defendant Ann C. Paine, without seeing to its application by her in any part for the support of the plaintiff, who is a child of Ann C. Paine and Frederick William Paine, and grandchild of William Paine, or that any part of the same was paid to her or accumulated for her use and benefit. Ann C. Paine invested the income, rents, and profits, including all accumulations not consumed by her in her own support, or in the support of her children other than the plaintiff, in various ways, and on or before May 1, 1884, gave large sums, as well as the mansion-house on the home farm purchased by her, to the defendant George S. Paine as voluntary gifts, and gave to the defendants George S. Paine and James P. Paine all of the accumulations of income, rents, and profits. The plaintiff has received no part of the income of the trust fund or rents and profits, and has, under the belief that she was entitled to a vested share and interest therein, allowed the same to accumulate for her future use and benefit.

Nathaniel Paine contended that, upon paying the income of the proceeds of the sales of the homestead farm and such rents and profits to Ann C. Paine, his powers and duties, as trustee under the will, regarding the income and rents and profits, ceased; and the defendant Ann C. Paine contended that by the terms of the will she became the absolute, sole, and exclusive owner of such income and rents and profits, with the right to dispose of the same to George S. Paine and James P. Paine, to the exclusion of the plaintiff and the children of deceased grandchildren of the testator, both before and after its accumulation and investment; that the gifts of accumulated income and rents

and profits to George S. Paine and James P. Paine, not consumed in her personal support, or necessary for their personal support and maintenance, were made by her as of right, and that the plaintiff had no right, title, or interest in any part of the income derived from the proceeds of the sales of land of the homestead farm, or rents and profits, by reason of any devise, bequest, or trust in the will.

The plaintiff contended that, by the terms of the will, she had a vested right and interest in the income of the proceeds of sales of land of the homestead farm, and in the other rents and profits, and in all accumulations thereof; that she had a right to allow the same to accumulate for her future use and benefit, and was not thereby deprived of her right to the same; that both the trustee and Ann C. Paine were bound to see that the income, rents, and profits were applied or accumulated for her use and benefit, in common with the application and accumulation thereof for the use and benefit of Ann C. Paine and the other grandchildren of the testator; that the conveyances of the accumulated income and rents and profits by Ann C. Paine were in violation of her rights thereto under the will, and against the intention of the testator; and that the trustee, Ann C. Paine, George S. Paine, and James P. Paine, were bound to account to her for her share of such accumulated income and rents and profits.

On November 16, 1869, Frederick William Paine died, leaving a will. After directing his debts and funeral expenses to be paid, he devised the residue of his property as follows: "Fourthly. I give to my wife, Ann C. Paine, all the rest of my estate, whatever the same may be, to be at her sole use and disposal. My said wife is fully acquainted with my reasons for this disposal of my estate, and will by her own last testament do what is right and just to my children and their natural heirs." On the settlement of his estate, the residue in money was paid over to Ann C. Paine.

Ann C. Paine invested the money received by her on the settlement of her husband's estate in securities, all of which she assigned to George S. Paine and James P. Paine as gifts, and conveyed to them all of the real estate and other property received by her from that estate as their absolute property, to the

exclusion of the plaintiff and the children of deceased children of Frederick William Paine, and retained no property in her hands or possession to be disposed of by will.

Ann C. Paine, George S. Paine, and James P. Paine contended that the will of Frederick William Paine vested Ann C. Paine with an absolute title, and the right to dispose of the same by deed and gift during her lifetime, to the exclusion of the plaintiff, and that the conveyances by her were valid under the will.

The plaintiff contended that Ann C. Paine had only the use of the property, and not the absolute title to it, and could dispose of the same by will only to her children and their natural heirs, and that her conveyances and gifts to George S. Paine and James P. Paine, in exclusion of the other children of the testator, were in violation of the intention of the testator as expressed in the will.

If the court were of opinion that the plaintiff had any title and interest in the income of the proceeds of the sales of the homestead farm under and as devised or bequeathed by the will of William Paine, or in the rents and profits of his unsold real estate, or any title or interest in the estate of Frederick William Paine under his will, the case was to be referred to a master to state the account thereof; otherwise, the bill was to be dismissed.

*F. P. Goulding & C. A. Merrill*, for the plaintiff.

I. The direction to Ann C. Paine by the testator, William Paine, is imperative, imports a trust, and gives each of the testator's grandchildren a beneficial interest in common with their mother. *Rich* v. *Rogers*, 14 Gray, 174, 176. *Loring* v. *Loring*, 100 Mass. 340. *Buffinton* v. *Maxam*, 140 Mass. 557. *Proctor* v. *Proctor*, 141 Mass. 165, 169. *Jubber* v. *Jubber*, 9 Sim. 503.

Ann C. Paine and her children had a vested joint interest in the rents, profits, and income, as and when they accrued. When received by her, their receipt was upon the double trust, " to her own use and for the education and support of my said grandchildren," the words " at her discretion" relating solely to the time and manner of enjoyment, and not to the title. The words " shall in like manner receive " refer to her quality of interest in the rents and income when received, similar to the interest

in the income given her husband by the prior clause, and not to quantity of estate or time of receipt alone. If a trust was conferred upon her husband when he received the rents and income, her interest was limited to a trust. *Lumley* v. *Robbins*, 10 Hare, 624. *Woodall* v. *Woodall*, 3 C. B. 349, 379. *Milsom* v. *Awdry*, 5 Ves. 466. *Shanley* v. *Baker*, 4 Ves. 732. 1 Jarm. Wills, (5th Am. ed.) 747, note *q*. 2 Roper, Legacies, (2d Am. ed.) 1502.

If the words " shall in like manner receive the said rents, interest, and profits to her own use and for the education and support of my said grandchildren at her discretion," mean to apply at her discretion, by analogy to the discretion given her husband, the fund to be applied should be co-existent with the power to apply, during her widowhood, and allowed to accumulate when not needed for the specified uses. The direction to her husband is not to pay over, but that it should be received by him to be applied, whereby is signified the intention of the testator that the income as such should accumulate, in lieu of conferring a right upon his grandchildren to maintain an action therefor in assumpsit against their mother, as for a debt. *Hinckley* v. *Williams*, 1 Cush. 490, 493. If the direction means to receive and apply at discretion, the son's wife did not hold the rents and profits, or income, absolutely, but in trust; and the grandchildren can enforce its due appropriation in part for their benefit in equity, although they are not resident with their mother. *Whiting* v. *Whiting*, 4 Gray, 236. *Chase* v. *Chase*, 2 Allen, 101. *Williams* v. *Bradley*, 3 Allen, 270, 278. *Warner* v. *Bates*, 98 Mass. 274, 280. *Parker* v. *Parker*, 126 Mass. 433, 437. 1 Jarm. Wills, 399. Gray, Restraints on Alienation, §§ 116, 155 *et seq.*

" A legacy to a parent upon trust to be by him applied, or in trust for the maintenance and education of his children, will certainly give the children a right in a court of equity to enforce their natural claims against the parent in respect of the fund on which the trust is declared." Per Wigram, Vice-Chancellor, in *Thorp* v. *Owen*, 2 Hare, 607. If Ann C. Paine is to receive the income to be applied at her discretion for the specified uses, then she is to retain it in her own hands for such application, by the same analogy, and the duration of such retention is her life

or widowhood. The gift of the accumulated rents and income is in violation of a direction to retain in her own hands the rents and income for application. A person having a power must execute it *bona fide* for the end designed; and that an exercise of the power otherwise is corrupt, and void in equity, is a well established rule. *Alvyn* v. *Belchier*, 1 Eden, 132; *S. C.* 1 White & Tudor's Lead. Cas. in Eq. (6th ed.) 437 and notes.

II. The meaning of the reservation to Ann C. Paine must be gathered from the context, and so construed as to avoid repugnancy, and to harmonize and give effect to all parts of the will. If the reservation is repugnant to the trust by which she is imperatively directed to receive the income to her own use and for the education and support of the testator's grandchildren, the trust should prevail, as the later indication and more certain statement of the final intention of the testator. *Bowers* v. *Porter*, 4 Pick. 198, 210. *Homer* v. *Shelton*, 2 Met. 194, 206. 1 Jarm. Wills, 472 and note 1. If the reservation is construed as a grant to her, it is like a grant followed by an habendum upon trusts, no part of which is repugnant to the other. The words "and to this end" point to this construction as in harmony with the testator's intention.

The unlikelihood that the testator should wholly suspend the provision for the support and education of his grandchildren during the widowhood of his daughter-in-law, which might occur at a time when they would most need it, and of necessity would occur when the support of their father was withdrawn, is strong evidence that a trust was intended for the grandchildren during their mother's life.

The provision that trustees other than the testator's son and son's wife are to pay over the net income to the joint order of said son and his wife, and to the order of the survivor, "to be by them appropriated as is before provided," shows that the testator intended them to receive it solely upon the trusts expressed, and upon its receipt it was to be by them so appropriated *Blake* v. *Dexter*, 12 Cush. 559, 568.

III. The right to occupy rent free a part of the land, uncertain in extent as to what part, of doubtful location till determined by actual occupancy, and dependent for duration upon such occupancy, does not include the right or title to the rents of other

parts of the same land not actually occupied, or the income of the proceeds of such other parts, when sold. The devise is not of the "free use" of the land, or the "use and occupation" of land, but is confined to personal occupancy. *Willmarth* v. *Bridges*, 113 Mass. 407. 1 Jarm. Wills, 798.

IV. Under the will of Frederick William Paine, the gift of the residue to his wife, "to be at her sole use and disposal," is absolute, and the fact that he acquainted his wife with his reasons for the gift does not change it. But the words, "and will by her own last testament do what is right and just to my children and their natural heirs," impose a trust, and limit his wife to a testamentary disposition of his property to the testator's children. The words are not, "I desire and hope that he will so provide by will or otherwise,"as in *Hess* v. *Singler*, 114 Mass. 56, 59; or, "I wish my beloved wife, when she dies, to give," as in *Barrett* v. *Marsh*, 126 Mass. 213, 216; or, "I wish, at the death of my wife, that she should make an equal division," as in *Sears* v. *Cunningham*, 122 Mass. 538; or, "I assume that they" (the younger brothers) "on their part will not fail to do for him" (the older brother) "and his family all that in the circumstances the truest fraternal regard may require them to do," as in *Rose* v. *Porter*, 141 Mass. 309; and the case is stronger than *Warner* v. *Bates*, 98 Mass. 274, 277, where the words were, "in the full confidence that he will," &c., where a trust was held.

The words state the result of an undisclosed agreement between the testator and his wife, are obligatory, and such agreement to make a will in favor of their children need not be in writing *Glass* v. *Hulbert*, 102 Mass. 24, 39; *Nichols* v. *Allen*, 130 Mass. 211, 213; *Olliffe* v. *Wells*, 130 Mass. 221, 224; *Wellington* v. *Apthorp*, 145 Mass. 69; 2 Story Eq. Jur. § 1068; they denote at least a confidence or trust committed to his wife, and bring the case within the principle in 2 Sugden, Powers, (3d Am. ed.) 172, 173; *Wright* v. *Atkyns*, 17 Ves. 255; *Coates' appeal*, 2 Penn. St. 129; *Collins* v. *Carlisle*, 7 B. Mon. 13; *Bull* v. *Bull*, 8 Conn. 47; they are imperative, and not precatory or discretionary; 1 Sugden, Powers, 537. See *Robinson* v. *Smith*, 6 Madd. 194; *Malim* v. *Keighley*, 2 Ves. Jr. 333.

The trifling sums given his children outright, coupled with

the statement that he had acquainted his wife with the motive or reasons for the gift of the residue to her, and his further provision for his children after his wife's death, point to a trust. The conveyance in fee is in harmony with this construction, enables the wife to carry out his direction by will, and gives effect to the trust clause. If the words " natural heirs " are used to distinguish the objects of his bounty from legal heirs, it is an estate of inheritance limited to heirs of a particular class and an estate tail, which is lawful for the testator to create, and does not defeat the estate of the children. *Wight* v. *Thayer*, 1 Gray, 284. The trust is not contrary to the statute forbidding perpetuities; *Lovering* v. *Worthington*, 106 Mass. 86, 88; and if it were, the trust is valid if its execution is kept within proper bounds. *Brattle Square Church* v. *Grant*, 3 Gray, 142. *Slark* v. *Dakyns*, L. R. 10 Ch. App. 35, 39. The trust is not to will his estate amongst his children, or to such as she may select, but to do what is right and just to all by will.

If this construction is correct, the case falls within the principle of *Aleyn* v. *Belchier*, *ubi supra*, and to protect the property for those ultimately entitled equity has jurisdiction. 1 Perry, Trusts, §§ 249, 250.

*W. S. B. Hopkins*, for the defendants.

HOLMES, J. This is a bill in equity seeking to establish a trust in favor of the plaintiff, under her grandfather's will, in respect of the income of the residue given to the defendant Ann C. Paine during her widowhood, and for the education and support of her children at her discretion. We shall assume that the plaintiff has a standing to maintain a bill, so far that, if it were shown that Mrs. Paine had not exercised in good faith the discretion given to her, this court might interfere. *Wilson* v. *Wilson*, 145 Mass. 490. But, in the absence of bad faith, we are of opinion that the testator's grandchildren have no equitable interest or title in or to the rents, income, and profits given to Mrs. Paine, unless and until she exercises her discretion in their favor, and that, so far as appears, Mrs. Paine was entitled to appropriate the whole to her own use, as she has done.

The testator begins by stating his desire that the residue of his property should be secured for the benefit of his grandchildren, the children of his son Frederick William Paine,

" reserving the use of the personal property and the net income of the real estate to Ann C. Paine, wife of said Frederick, during her life and widowhood, upon the contingency of her surviving her said husband." Under these words, the gift to Mrs. Paine during her widowhood is as much a part of the testator's expressed desire as that to his grandchildren, and it is a gift of the beneficial interest. He next proceeds, " and to this end I give," &c., to his son in trust. The words " to this end " mean to the end of carrying out the above expressed desire in all its parts; and it is in the light of this statement of the general purpose that the following provisions are to be read.

The trusts are, first, that " the said Frederick shall annually receive the rents, interest, and profits of said estates, and, after deducting the necessary expenses, &c., . . . . shall retain the balance in his own hands, to be applied by him at his discretion for the support, maintenance, and education of the children of the said Frederick and his present wife, Ann C. Paine," &c. The will then goes on, " and in the event of the decease of my said son, his said wife, so long as she shall survive him and continue his widow, shall in like manner receive the said rents, interest, and profits to her own use and for the education and support of my said grandchildren at her discretion."

It is argued that the words " shall in like manner receive " mean that Mrs. Paine is to take upon the same trust as her husband, — that is, that the words " in like manner " qualify not only " receive," but also " to her own use " and what follows. But we think that, so far as they are more than a vague rhetorical introduction to the ensuing clause, they have no effect on any word except " receive." Looking back to the directions referred to, we think that only so much of these are meant as point out how Mr. Paine shall " receive " the rents, &c., and deduct expenses; not the subsequent directions to " retain " and " apply " the balance. Mrs. Paine cannot receive the income to her own use in like manner as her husband. It is not stated expressly that he shall receive it to his own use at all; and if she were to do so, as he did, the words would be inserted merely to arrest the legal title in her and leave her a dry trustee, whereas she is not to have the legal title after her husband's

death, but the will provides that a trustee shall be appointed by the Probate Court.

The words " to her own use " plainly mean that Mrs. Paine is to have a beneficial interest in the fund, as is further shown by the provision that on her second marriage the trustee shall hold to the use of the grandchildren. The following words mean just what they would have meant if the order had been changed, and they had read, " and, at her discretion, for the education," &c. If there were nothing in the will before the gift to Frederick, the husband, in trust, we should feel compelled to construe it as we have done; but when we see in addition that our construction carries out what the testator just before has declared to be his desire, we cannot feel any very serious doubt about the case. The provision is a most natural one, and it may be presumed that the testator was satisfied that he could leave the support and education of his grandchildren to their mother with safety. See *Hess* v. *Singler*, 114 Mass. 56 ; *Sears* v. *Cunningham*, 122 Mass. 538 ; *Barrett* v. *Marsh*, 126 Mass. 213 ; *Lambe* v. *Eames*, L. R. 10 Eq. 267 ; *S. C. L. R.* 6 Ch. App. 597 ; *In re Hutchinson & Tenant*, 8 Ch. D. 540 ; *In re Adams & Kensington Vestry*, 24 Ch. D. 199 ; *S. C.* 27 Ch. D. 394 ; and cases below.

The direction that the testator's son or his wife shall not be held to account for property personally occupied, does not affect the construction of the previous provisions. But for it, the son as trustee would be bound to account for such property. The wife receives from it an indirect authority to occupy, which, not being the trustee, she would not have otherwise; and she is exonerated from going through the form of accounting to the trustee, who, if she went through that form, would account to the court by paying back to her what he had received.

The direction that proceeds of conveyances of real estate shall be applied solely for the improvement of the testator's estates, or for the education and support of his grandchildren, concerns the capital, which goes to the grandchildren.

The complainant makes a further claim under the will of her father, the residuary clause of which is as follows: "I give to my wife, Ann C. Paine, all the rest of my estate, whatever the same may be, to be at her sole use and disposal. My said wife is fully acquainted with my reasons for this disposal of my

estate, and will by her own last testament do what is right and just to my children and their natural heirs." The last words do not create a trust, but state the motive for not doing so. They express the testator's confidence that his wife will do what is just of her own motion, as a reason why he leaves the property to her unfettered disposition. See cases *supra*. *Thorp* v. *Owen*, 2 Hare, 607, 617. *Mussoorie Bank* v. *Raynor*, 7 App. Cas. 321.                                    *Bill dismissed.*