WILLIAM B. DURANT, administrator, *vs.* EDWARD M. SMITH & others.

Suffolk.   March 31, 1893. — May 20, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Devise and Legacy — Execution of Power of Appointment — " Request " — Trust.*

By an indenture of trust, executed before her marriage, a woman conveyed certain property to trustees upon the trusts to pay the income to her for life, and, at her death, " to pay, distribute, and convey said trust property and estate to and among such persons or for such objects and purposes as I shall by my last will and testament . . . limit and appoint." She married, and died, leaving a will, by which she gave all the residue of her property to her husband, his heirs, and assigns forever, " meaning and intending to include all trust estates over which I may have disposing power, it being my request that my dear husband assign by will what of this property I now leave him he has not expended to such of my relatives as he in his judgment may think may need it." She left no issue, and no father, mother, or sister, but she left a brother. Her other near relatives were uncles and aunts, and the children of deceased uncles and aunts. Her husband survived her, and died intestate, leaving as his only heir and next of kin

his father; and at the death of his wife he was insane, and remained so until his death. *Held,* that the will was a valid execution of the power of appointment reserved in the deed of trust; that, by the will, the husband of the testatrix took the property absolutely; and that the request in the will did not constitute a trust, but a recommendation to the husband which did not affect his title to the property.

BILL IN EQUITY, filed April 18, 1892, by the administrator with the will annexed of the estate of Mary A. Holmes, to obtain the instructions of the court as to the construction of the will, and alleging the following facts.

Mary A. Holmes died on November 28, 1890, leaving a will which was duly approved and allowed on December 22, 1890, the third clause of which is as follows:

" I give, devise, and bequeath all the rest, residue, and remainder of my property, real, personal, and mixed, wheresoever the same may exist at the time of my decease, that I now have or may hereafter acquire, to my beloved husband, Samuel T. Holmes, to him and to his heirs and assigns forever, meaning and intending to include all trust estates over which I may have disposing power, it being my request that my dear husband assign by will what of this property I now leave him he has not expended to such of my relatives as he in his judgment may think may need it. It is also my request that what property my dear husband may leave to our beloved son, Harry M. S. Holmes, may be left to him in trust."

The plaintiff was duly appointed administrator with the will annexed of the estate of Mary A. Holmes, and qualified as such.

Mary A. Holmes, at the time she executed the will, in November, 1887, was the wife of Samuel T. Holmes, and had a son, Harry M. S. Holmes, born of her marriage with Samuel T. Holmes on December 2, 1872, and who died on September 4, 1890, never having been married.

Samuel T. Holmes died intestate and without issue on December 24, 1891, leaving as his only heir at law and next of kin the defendant Lysander F. Holmes, his father; and on February 15, 1892, Lysander F. Holmes and the plaintiff were duly appointed administrators of the estate of Samuel T. Holmes, and qualified as such.

Mary A. Holmes at her decease left a husband, Samuel T. Holmes, but no issue, and no father, mother, or sister; and her

only brother, the defendant Edward M. Smith, was her sole next of kin. Her other near kindred were uncles and aunts, and children of deceased uncles and aunts. Samuel T. Holmes, at the decease of his wife, was insane, and remained insane up to the time of his death, and could not and did not execute a will.

At the death of Mary A. Holmes, the defendant Edward M. Smith held certain real and personal estate under an indenture of trust, by which she before her marriage had conveyed certain property to trustees upon the following trusts:

" Second. To pay the net income of all said trust property to me in quarter-yearly payments for and during my natural life, and if for any unforeseen cause said income shall not prove adequate for my comfortable support said trustees are from the capital to make up the deficiency in any year in which said income shall so prove inadequate, but no payment for a single year from income and principal combined is to exceed the sum of twenty-five hundred dollars. Third. At my decease to pay, distribute, and convey said trust property and estate to and among such persons, or for such objects and purposes, as I shall by my last will and testament, or by any instrument in the nature of a last will or testamentary appointment, limit and appoint, and in default of such testamentary direction or appointment then to pay, distribute, and convey said property and estate to and among such persons as would be entitled thereto by the statute of distributions of intestate estates, were I the owner thereof at the time of my decease."

After the death of Mary A. Holmes, and before the death of Samuel T. Holmes, Edward M. Smith transferred and conveyed the property, real and personal, so held by him in trust, to the plaintiff, who was at that time the administrator with the will annexed of the estate of Mary A. Holmes and the guardian of Samuel T. Holmes; and the plaintiff now holds in his hands by reason of such transfer personal property of the value of about $18,000, and certain real estate in Brooklyn, New York, remaining to be paid over and conveyed to the person or persons entitled thereto under the will of Mary A. Holmes.

The defendant Lysander F. Holmes contends that, under the will, Samuel T. Holmes became absolutely entitled to the residue free from any trust.

The defendant Edward M. Smith contends that the residue is held by the plaintiff, subject to a trust in favor of all or some of the relatives of Mary A. Holmes.

One of the answers alleged that, after the making of the will, Samuel T. Holmes became insane, and was thereby rendered incapable of exercising any discretion or judgment in the matter.

The case was heard upon the bill and answers by *Morton*, J., and reserved for the consideration of the full court; such decree to be entered as justice might require.

*W. B. Durant, pro se*, read the papers in the case.

*J. Fox*, for Lysander F. Holmes.

*C. T. Gallagher & H. R. Bailey*, for J. Marshall Allen and Annie M. Allen.

*T. J. Emery*, for James W. Allen and others.

FIELD, C. J.   Mary A. Holmes, the testatrix, died on November 28, 1890, leaving no issue, and no father, mother, or sister, and as her only brother the defendant Edward M. Smith, who was her sole next of kin.   Her other near relations were uncles and aunts, and the children of deceased uncles and aunts.   The will was executed in November, 1887, and her husband and son then were both alive.   Her son died on September 4, 1890.   Her husband died on December 24, 1891, intestate, leaving as his only heir and next of kin, his father, the defendant Lysander F. Holmes.   One of the answers avers that her husband after the making of her said will " became insane, and was thereby rendered incapable of exercising any discretion or judgment in the matter" of the disposition of the property under the third clause of the will, and, as the case is reserved on the bill and answers, this averment must be taken to be true.   There is no doubt that the will is a valid execution of the power of appointment reserved in the deed of trust, and the question is whether, by the third article of the will, the husband took the property therein given him absolutely for his own benefit, or took only a life estate, or took the property partly upon trust for the benefit of some of the relatives of the testatrix.   The words clearly give the entire legal estate to the husband.   It is also clear, we think, that the right is impliedly given him to expend for his own use so much of the property as he may choose.   The request " that my dear

husband assign by will what of this property I now leave him he has not expended to such of my relatives as he in his judgment may think may need it" recognizes the power of the husband to give by his will the part of the property which he does not spend to such of the relatives of the wife as he may think need it.

We are of opinion that the husband took the property absolutely, and that the request does not constitute a trust, but a recommendation to the husband, which, if he had continued sane, he might have regarded and in his own way carried into effect, but which did not affect his title to the property. *Sears* v. *Cunningham*, 122 Mass. 538. *Sturgis* v. *Paine*, 146 Mass. 354. *Joslin* v. *Rhoades*, 150 Mass. 301. *Mussoorie Bank* v. *Raynor*, 7 App. Cas. 321.                    *Decree accordingly.*