PETITION OF JOHN OGDEN *et al.* FOR AN OPINION.

PROVIDENCE—JULY 23, 1903.

PRESENT: Stiness, C. J., Douglas and Blodgett, JJ.

(1) *Wills. Monuments. Memorials.*

Testamentary bequest, as follows: "To the town of North Providence, five thousand dollars, to erect a monument to the memory of the soldiers and sailors who fell or died in the late war, enlisting from this part of the town existing A. D. 1885; and my desire is that the monument be erected at the junction of Olney and Fruit Hill avenues in said town, on a triangular piece of land thereat located":—

*Held*, that the testator used the word in its common meaning of a shaft or column to the memory of the dead; and that the fund could not be used for a memorial or memorial building.

(2) *Gifts.*

*Held*, further, that nothing in the bequest prevented others from adding to the fund.

(3) *Wills. Expression of Desire.*

*Held*, further, that the will imposed no limitation as to the location within the limits of the town; the expression in the bequest being precatory, not imperative.

CASE STATED for an opinion.

STINESS, C. J.    This petition is filed by direction of the town council of North Providence, for instructions with reference to the following bequest in the will of the late Daniel W. Lyman:

(1)    "To the town of North Providence Five Thousand ($5,000) Dollars to erect a monument to the memory of the soldiers and sailors who fell or died in the late war, enlisting from this part of the town existing A. D. 1885; and my desire is that the monument be erected at the junction of Olney and Fruit Hill avenues in said town, on a triangular piece of land thereat located."

The money has been paid to the town by the executors of the will, and the following questions are asked concerning it:

"(1)    Must the sum of money received under said will be used in the erection of a monument, using that word in its

strict sense, or can said sum of money be used for the erection of a memorial or memorial building?

"(2)   Can money from other sources be added to and united with this fund in the erection of the monument provided for in said will?

"(3)   What are the limitations as to the location within the limits of said town where said monument may be erected?"

As the opinion sought is for the benefit of the town, we will not consider the question whether adversary interests are sufficiently represented, in view of the fact that the conclusion to which we have come cannot affect them.

In reply to the first question, we are of opinion that the testator had in mind a monument in the ordinary sense of the word.   While it is true that lexicographers include structures and buildings in the definition of the word monument, we are required in this case to ascertain, not its possible meaning, but its meaning as indicated by the intent of the testator.   As said by Durfee, C. J., in *Wood* v. *Hammond*, 16 R. I. 98, with reference to testimony offered to explain the meaning of this will upon another point:   "The effort is to impose upon the will by extrinsic testimony a meaning which, taking it as it naturally applies to existing facts and circumstances, it does not express.   It is an effort which contravenes the fundamental requirement of the law that a will shall be in writing;   that is, that it shall be a *written expression* of the testator's intention."

The principle thus announced is the familiar one that the *written expression* of the testator, taken in its natural sense and use, and applied to existing facts, must control.   To ascertain the written expression, a court does not look so much to the etymological scope of a word as to its common meaning and particular use.

The word "monument," in common usage, when it relates to a memorial for the dead, means a shaft, column, or some structure more imposing than a mere gravestone.   If it were said that a monument had been erected to the memory of one who had died, the natural and immediate conception would be that which we have just stated.   In this will there was to be a monument to the memory of the dead.   It may be said

that the names and services of soldiers can be as well preserved on the walls of a building as on the sides of a monument. This is true; but would one naturally think that a building was intended by a provision for a monument? St. Paul's Cathedral, in London, is often spoken of as a monument to the genius of Sir Christopher Wren, and even on its walls is the well-known epitaph, "*Si monumentum requiris, circumspice.*" It is, doubtless, far more grand and effective as a memorial than any shaft could be; yet, if one were to say that he had seen Wren's monument, it would hardly occur to another that he did not mean a special shaft. We sometimes speak of a book as a monument to its author, yet an executor in a will would not so understand a direction to erect a monument. These considerations are enough to show that while, in a broad sense, a monument may be a memorial, it does not follow that a memorial may be a monument. It so happens that these two words are used in this will in a way to show the distinction between them. A gift was made to Brown University for a "building to be known as the 'Lyman Memorial.' "

To the city of Providence he gave $10,000 for "a monument in Roger Williams Park, to be called the 'Elisha Dyer Memorial,' erected by his grandson, Daniel Wanton Lyman."

Here he used both monument and memorial; the former, doubtless, to denote the character of the structure, and, because it was not the particular monument to mark the burial place or memory of his grandfather, who was buried elsewhere, the latter word denoted its purpose as a memorial.

It is a matter of common knowledge that the burial places of thousands of the soldiers and sailors who died in the civil was were not known, and special stones to their memory, in many cases were not erected. Hence we see in towns and cities all over the land monuments to the memory of soldiers and sailors from a particular place who died in the war. Such was evidently the intention of this bequest, carrying with it the idea of a monument as we commonly use the word, rather than a general memorial structure, in the town where they lived. This idea appears more plainly from the sum given, which, while ample for a monument, would not be enough for

an adequate building. It also appears from his expression of desire for its location—a triangular piece of land. A triangle might be large enough to contain a building, but the most obvious impression would be that of a small space suitable for a monument only.

We know of no decided cases which cover the point before us.

In *Society of the Cincinnati's Appeal*, 154 Pa. St. 621, in regard to a deed from the commonwealth of Pennsylvania to the city of Philadelphia, of Independence square, prohibiting the erection of any building therein, the court said: "The proposed monument is not a building within the meaning of the prohibited condition. A monument may take the shape of a memorial hall or other building, but that is not the general sense of the word and will not be presumed."

In *Spangler* v. *Gallagher*, 182 Pa. St. 277, it was held that a soldiers' monument was not a county building within the meaning of an act requiring contracts to be let to the lowest bidder.

Our opinion is that the money must be used for a monument, as such, and not for a memorial or memorial building.

(2)  In reply to the second question, we see no reasons why others may not add to the fund. The will does not require, as in other bequests, the statement that it is erected by the testator, nor is there anything to show that the town might not expend a larger sum than his gift.

(3)  In reply to the third question, we see no limitation in the will as to the location.

The testator expresses a desire for a certain location, but he does not require it.

The expression is precatory, not imperative. It was evidently intended only as a personal recommendation of a site. As such it is not binding on the town. *Hess* v. *Singler*, 114 Mass. 56; *Sears* v. *Cunningham*, 122 Mass. 538. Although there are cases where the word "desire" implies a gift, or direction, *e. g.*, "I desire all my estate shall be sold, and the proceeds invested," etc. *Appeal of Philadelphia* v. *Eisler*, 112 Pa. St. 470; *Oyster* v. *Kerrell*, 137 Pa. St. 448.

The language of this will is not within that class of cases.

We are therefore of opinion that there is no limitation as to the location within the limits of the town.