PHILIP DEXTER & another, executors, *vs.* ALEXANDER YOUNG & others.

Suffolk. December 4, 1919. — January 29, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Devise and Legacy,* Whether absolute or life estate. *Trust,* What constitutes.

A will contained the following provision: "And lastly, the . . . residue . . . of my Estate . . . I give to my [unmarried] sister . . . who has contributed so much to make my home a happy one. I direct and desire that the amount received from my estate should be kept entirely separate and distinct from her own property, and I earnestly request her, at once, to make a codicil to her will leaving my bequest, to her, to my brothers & my [married] sister. The children of any

deceased brother or sister to take their parent's share." *Held,* that an absolute estate, and not a life estate or an estate in trust, was given to the testator's unmarried sister.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on October 10, 1919, and afterwards amended, by the executors of the will of Fanny Young, late of Boston, for instructions.

Material facts are described in the opinion.

The suit came on to be heard by *Jenney,* J., who reserved it upon the bill as amended and the answers for determination by the full court.

*W. R. Trask,* for the plaintiffs, stated the case.

*Roland Gray,* for certain defendants named as beneficiaries under the will of Fanny Young.

*E. B. Bishop,* for the defendant Alexander Young.

*H. A. Wyman,* Attorney General, & *W. H. Hitchcock,* Assistant Attorney General, for the Treasurer and Receiver General, submitted a brief.

CROSBY, J. This is a bill in equity for instructions by the executors of the will of Fanny Young, who died in 1919. The legal effect of her will is dependent upon the proper construction to be given to the twentieth clause of the will of her brother, Charles L. Young, who died in 1901, and which so far as material is as follows:

"And lastly, the rest, residue and remainder of my Estate, real, personal, or mixed, of whatever kind or nature, or wherever to be found of which I shall die seized, I give to my sister Fanny Young who has contributed so much to make my home a happy one. I direct and desire that the amount received from my estate should be kept entirely separate and distinct from her own property, and I earnestly request her, at once, to make a codicil to her will leaving my bequest, to her, to my brothers & my sister C. J. Stevenson. The children of any deceased brother or sister to take their parent's share."

The sixth clause of the will of Fanny Young is in part as follows:

"I direct that the property devised and bequeathed to me by my brother Charles other than chattels above mentioned in the Fifth paragraph (of which a separate account has been kept and which includes my house in said Boston) shall be divided into four equal parts, and one of such parts transferred and paid over

to my said sister Caroline J. Stevenson, if she shall be living at my death, and if not so living, to her issue, one of such parts to the issue of my late brother Benjamin, one of such parts to the issue of my late brother Francis, and one of such parts to the issue of my late brother Edward, such issue to take in every case the parent's share by right of representation."

It is the contention of the defendant Alexander Young (who is the only child of Alexander Young a deceased brother of Charles) that under the twentieth clause of her brother's will Fanny Young took a life estate in the residue; that after her death the remainder was given to a class consisting of the testator's brothers, his sister Caroline, and the children of any deceased brother or sister; and that he (Alexander) is included in such class. Further, that if by the correct construction of the clause in question, the brothers, the sister Caroline, and the children of any deceased brother or sister did not take equally upon the death of Fanny, then she was given a non-exclusive power of appointment and thereunder could not wholly exclude him from sharing in the residue, and that in any event he is entitled to one fifth of the remainder.

The Attorney General contends that no trust was created, but that the property so given to Fanny Young, of which her will purports to dispose, was hers absolutely and was subject to inheritance taxes accordingly. The other defendants make the same contention as the Attorney General and claim that they are entitled to divide among themselves the whole of the property disposed of by the sixth paragraph of Miss Young's will, to the exclusion of the defendant Alexander Young; and that in any event, Alexander takes no share of the property in question.

The words in the twentieth clause of the will of Charles L. Young, "I give to my sister Fanny Young," standing alone would be appropriate and sufficient to give to her an absolute estate. *Spooner* v. *Lovejoy*, 108 Mass. 529. *Bassett* v. *Nickerson*, 184 Mass. 169. Following this gift the testator states: "I earnestly request her, at once, to make a codicil to her will leaving my bequest, to her, to my brothers & my sister C. J. Stevenson. The children of any deceased brother or sister to take their parent's share."

While words expressing a hope, wish, request or recommendation that a bequest or devise to a person will be applied by the latter to the benefit of others, may be held to create a trust, yet to adopt

such construction it must appear that they were intended to be imperative. When property is given absolutely, a trust is not to be readily declared upon mere words of hope, request or recommendation. *Hess* v. *Singler*, 114 Mass. 56. *Poor* v. *Bradbury*, 196 Mass. 207, and cases cited.

The testator could not compel his sister to make a will or codicil. The request that she make a codicil "at once" indicates that he understood if she died without so doing, his wishes would not be carried out. Although the words "I direct and desire that the amount received from my estate should be kept entirely separate and distinct from her own property" are in the same clause, they are immediately followed by the request that she make a codicil, showing his intention that his brothers and sister should take by means of a bequest or devise from her, and not from him.

The words "leaving my bequest, to her, to my brothers & my sister . . ." manifest his intention to make an absolute gift to her; and this construction is inconsistent with the idea that he intended to give her a life estate or an estate in trust for his brothers and sister.

It is apparent that the clause we are considering does not create a precatory trust but looks to a disposition to be made by the sister at her death. *Sears* v. *Cunningham*, 122 Mass. 538. *Barrett* v. *Marsh*, 126 Mass. 213. *Durant* v. *Smith*, 159 Mass. 229. *Aldrich* v. *Aldrich*, 172 Mass. 101.

If the testator had intended to make a trust giving his sister a life estate only with remainder to his other relatives, it is reasonable to assume he would have made a gift to trustees. That he knew how to create a trust appears from the seventeenth clause of his will. Instead of so doing, he made an outright gift to her and was content to rely upon her to carry out his wishes by a testamentary disposition, which he requested her to make. We find no language in the will inconsistent with the conclusion reached.

In the case of *McCurdy* v. *McCallum*, 186 Mass. 464, relied on by the defendant Alexander Young, a bequest was made to the wife of a son of the testatrix with a "request" that she at her death give the same to her two daughters; it was held that a trust was created whereby the son's wife took a life estate with remainder over to the daughters at her death. This case was decided in

accordance with the law of Nova Scotia; and other language in the will was held to indicate that a life estate with a remainder over was intended to be created.

The cases cited and relied on by the defendant Alexander Young, are all clearly distinguishable from the case at bar.

It becomes unnecessary to consider the other questions raised at the argument.

The plaintiffs are instructed that a trust was not created by the twentieth clause of the will of Charles L. Young, but that thereunder Fanny Young took an absolute gift; that the property which she received under the twentieth clause is to be distributed in accordance with the sixth clause of her will.

Counsel fees and expenses may be allowed in the discretion of a single justice to be paid out of the residue of her estate.

*Ordered accordingly.*