AGNES B. CAHILL *et al. vs.* EDWIN G. TANNER *et al.*

APRIL 27, 1921.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1). Wills. Implied Intention.*

The legal effect of the provisions of a will plainly expressed must prevail over an implied intention.

*(2) Wills. Estate in Fee, with Request to Devise. Precatory Trusts.*

An estate in fee simple devised by will is not limited by a subsequent request that devisee make a will devising the property remaining at death of devisee to designated persons, and the request does not create a trust in their favor.

BILL IN EQUITY. Heard on appeal of complainants and dismissed.

SWEENEY, J. This is a bill in equity to impress a precatory trust upon real and personal estate devised and bequeathed by Thomas Costello to his wife, Adelia R. Costello. Demurrer to the bill was sustained by a justice of the Superior Court; final decree was entered dismissing the bill, and the cause has been duly brought to this court upon complainants' appeal.

The facts material to the determination of this appeal, as set forth in the bill of complaint are, Thomas Costello died testate, July 21, 1911. His will, dated December 29, 1908, was duly admitted to probate and its third paragraph is, "All the rest, residue and remainder of my property and estate, real, personal, and mixed, . . . I give, devise, and bequeath to my wife, Adelia R. Costello, to have and to hold the same, to her, the said Adelia R. Costello, her heirs, executors, administrators, and assigns forever. I request that my said wife shall make a will devising and bequeathing so much of said property as may remain at the time of her death to my two sisters, Eliza J. Costello and Annie E. Costello, and my niece, Agnes B. Cahill, the survivors or survivor of them, share and share alike."

A reading of the will of Thomas Costello shows that it was written by an experienced person. The first paragraph directs the payment of his just debts and funeral expenses; the second gives his wife five thousand dollars, in trust, for the benefit of his father; authorizes her, in her discretion, to use so much of the principal as may be necessary for his support and maintenance, if the income is insufficient; and upon his death, so much of the trust property as remains is given to her absolutely, if living, and if not then to his said two sisters and niece or the survivors of them; and the fourth and last paragraph appoints his wife sole executrix, without bond or inventory.

Adelia R. Costello died August 13, 1920, intestate, thus failing to comply with her husband's request to make a will devising and bequeathing so much of said property as

remained at the time of her death to his said sisters and niece.

The complainants, said sisters and niece, claim that so much of said property as remained at the time of Mrs. Costello's death should be charged with a precatory trust in their favor because of the testator's request to her to make a will giving them said property.

(1) It is well established that the legal effect of the provisions of a will, plainly expressed, must prevail over an implied intention. *Melcher, Petitioner,* 24 R. I. 575; *Grant v. Carpenter,* 8 R. I. 36.

The third paragraph of said will gives Mrs. Costello an absolute estate in fee simple in said property. Her estate in fee simple would not be limited or reduced by the subsequent request that she make a will devising the property remaining at the time of her death to the persons named. *In re Wood,* 28 R. I. 290; *In re Kimball,* 20 R. I. 619; *Cooke v. Bucklin,* 18 R. I. 666.

The complainants cite the case of *Warner v. Bates,* 98 Mass. 274, as an authority to sustain their position. In this case the court said, "To create a (precatory) trust it must clearly appear that the testator intended to govern and control the conduct of the party to whom the language of the will is addressed, and did not design it as an expression or indication of that which the testator thought would be a reasonable exercise of a discretion which he intended to repose in the legatee or devisee."

In *Aldrich v. Aldrich,* 172 Mass. 101, the court said, "It is true that he says in substance that he expects that the property, when she (his wife) shall no longer need it, will be divided equally between the children and their representatives. But there is nothing which renders it obligatory upon her to do this, and therefore one of the features of a precatory trust is wanting." This case is cited with approval in that of *Poor v. Bradbury,* 196 Mass. 207, in which the court states that the scope of the decision of *Warner v. Bates* is not to be enlarged.

In *Dexter* v. *Young*, 234 Mass. 588, the court said, "While words expressing a hope, wish, request or recommendation that a bequest or devise to a person will be applied by the latter to the benefit of others may be held to create a trust, yet to adopt such construction it must appear that they were intended to be imperative. When property is given absolutely, a trust is not to be readily declared upon mere words of hope, request or recommendation."

A well considered case upon this subject is that of *Burnes* v. *Burnes*, 137 Fed. Rep. 781, in which the court said, "The test of the creation of the (precatory) trust is the clear intention of the testator to imperatively control the conduct of the party to whom the language of the will is addressed by the expression of the wish or desire, and not to commit to his discretion the exercise of the option to comply or to refuse to comply with the wish or suggestion expressed." The court also said, "The tendency of the modern decisions, both in England and in this country, is to restrict the practice which deduces a trust from the expression by a testator of a wish, desire or recommendation regarding the disposition of property absolutely bequeathed." An exhaustive note upon the subject of precatory trusts is found in 37 L. R. A. (N. S.) 646.

In the case at bar the testator gave his property to his wife, her heirs, executors, administrators and assigns, forever. His subsequent request that she make a will, devising so much of the property as remained at her death to his sisters and niece, was a request which she was at liberty to carry into effect, or not, as it was not mandatory upon her to do so. If he had intended that his sisters and niece would receive the remainder of his property, it would have been an easy matter for him to have so provided in his will. Upon due consideration of the rights of the parties, the court is of the opinion that Mrs. Costello took an absolute estate in fee simple under said will, and that testator's request to her to make a will devising and bequeathing the property

remaining, at the time of her death, to his sisters and niece did not create a trust in their favor.

The complainants' appeal is dismissed, the decree of the Superior Court dismissing the bill is affirmed, and the cause is remanded to said court for further proceedings.

*James E. Smith, Frederick W. O'Connell, Swan, Keeney & Smith,* for complainants.

*Archambault & Archambault, Joshua Bell,* for respondents.