CAROLINE W. MERRILL & others *vs.* WILLIAM F. WEBSTER & others.

Middlesex.    January 11, 1905. — March 4, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Devise and Legacy.    Trust.*

The will of a married woman left all her property real and personal to her husband, " to have and to hold the same to him, his heirs, executors, administrators and assigns forever," and added: "It is my will, in consideration of the fact that I have heirs who are worthy, that my said husband shall leave by his will after my decease, should I decease before him, the property of whatever kind to my heirs." *Held*, that the absolute devise of the real estate to the husband in fee was not affected by the subsequent clause attempting to reduce the fee to a life estate, and that no trust was created for the benefit of the heirs of the testatrix.

LATHROP, J.   This is a writ of entry to recover possession of a parcel of land in Cambridge.   The case was heard in the Superior Court, without a jury, on agreed facts, before the late Chief Justice of that court, who, after a finding for the tenants, reported the case for our determination.   The facts in the case, so far as material to our decision, are these.

On April 22, 1878, Eliza E. Webster, then owning the land in question, died leaving a will which was duly admitted to probate. The will, after directing her executor to pay her just debts and appointing her husband as executor, proceeds as follows:

" And as to my worldly estate and all the property real, personal and mixed of which I shall die seised and possessed, or to which I shall be entitled at the time of my decease, I give, devise and bequeath to my said husband William F. Webster, to have and to hold the same to him, his heirs, executors, administrators and assigns forever.

" It is my will, in consideration of the fact that I have heirs who are worthy, that my said husband shall leave by his will after my decease, should I decease before him, the property of whatever kind to my heirs."

William F. Webster after the death of Eliza E. married again, and died about 1889, leaving a wife and five children. By his will he left all his property to his wife and children. His wife died intestate on or about November 2, 1889, leaving as her only heirs at law her five children.

The demandants represent the heirs of Eliza E. Webster, and the tenants are the children of William F. Webster and his second wife.

The only question which we need consider is the construction of the will.   There can be no question that the devise to the husband gave him the fee in the land.   The testatrix then attempted to cut down this fee to a life estate, but this she could not do.   Such attempts have been often made in this Commonwealth, but never have been successful.   The ground upon which our decisions rest is that where a fee is given, a subsequent limitation, being merely an attempt to take away one of the rights inseparable from the estate devised, cannot stand with that devise.   *Damrell* v. *Hartt*, 137 Mass. 218. *Bassett* v. *Nickerson*, 184 Mass. 169, 176, and cases cited.

We find nothing in the will to indicate that the testatrix intended that her husband should hold the property in trust for her heirs.

*Judgment on the finding.*

*F. P. Garland & E. D. Wright,* for the demandants, submitted a brief.

*G. A. A. Pevey,* for the tenants.