GEORGE G. DAVIS, administrator *de bonis non* with the will
annexed, *vs.* GEORGE G. DAVIS, executor, & others.

Essex.    October 17, 1916. — December 2, 1916.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Devise and Legacy.*

A testator by his will provided as follows: "I give and bequeath to my beloved
wife C my entire estate, real and personal and at the decease of my said wife,
if I leave no issue, the residue to my legal heirs." The wife of the testator sur-
vived him and he left no issue. *Held,* that the testator's widow took a fee simple
in the real estate and the whole of the personal property in full ownership, and
that the attempted limitation over to the "legal heirs" of the testator was void
as inconsistent with and repugnant to the absolute devise and bequest.

BILL IN EQUITY, filed in the Probate Court for the county of
Essex on December 3, 1915, and amended on January 10, 1916,
by the administrator *de bonis non* with the will annexed of the
estate of James H. Davis, late of North Andover, for instructions.

The portion of the will to be interpreted is quoted in the opinion.
The Probate Court made a decree "that under the terms of the
said will of James H. Davis, his wife, Caroline E. Davis, took an
absolute title in his personal estate." Certain of the respondents
appealed. The Episcopal City Mission, the Society of St.
Margaret and the Massachusetts General Hospital were residu-
ary legatees under the will and codicils of Caroline E. Davis.

The appeal came on to be heard upon the pleadings and an
agreed statement of facts before *Braley,* J., who reserved it for
determination by the full court.

*I. W. Sargent,* for the plaintiff, stated the case.

*F. N. Chandler,* for the defendants George G. Davis and
others.

*G. S. Selfridge,* for the Episcopal City Mission.

*P. M. Hubbard,* for the Society of St. Margaret.

*C. M. Rogerson,* for the Massachusetts General Hospital.

CARROLL, J. This is a bill in equity filed in the Probate Court
by the administrator *de bonis non* with the will annexed of the

estate of James H. Davis, asking instructions as to the correct interpretation of the will of said James H. Davis, "whether said Caroline E. Davis took thereunder an absolute property, and, if not, whether she had thereunder the right to expend for her own use the principal of the estate of said James H. Davis or any part thereof." The Probate Court decreed that under the will of her husband Mrs. Davis "took an absolute title in his personal estate."

James H. Davis, by his will executed November 11, 1882, provided as follows: "I give and bequeath to my beloved wife Caroline E. Davis my entire estate, real and personal and at the decease of my said wife, if I leave no issue, the residue to my legal heirs." He died December 29, 1886, leaving Caroline E. Davis, his widow, and no issue. His real estate was valued at $15,000 and his personal estate at $76,893.98. Mrs. Davis died August 21, 1915. In the third clause of her will she gave to the heirs at law of her husband, "all and entire the remainder of the estate which was devised and bequeathed to me by my said husband." She had expended about $31,000 of this fund of $76,893.98 left her by her husband, leaving at her death the real estate and an unexpended residue of personalty of about $45,000, which she referred to in clause three of her will.

The case is governed by the well settled principle, that where the absolute and unrestricted ownership of property is given by will, a limitation over is void, because such a limitation is inconsistent with the full and complete title already given. The testator gave to his wife his entire estate, real and personal. She was given the title in fee of the real estate, (Pub. Sts. c. 127, § 24, now R. L. c. 135, § 22,) and an absolute ownership of the personal property. The limitation of "the residue to my legal heirs" at her decease if no issue survived him, was clearly inconsistent with the title in fee to the real estate and repugnant to the gift of personalty. *Ide* v. *Ide,* 5 Mass. 500. *Kelley* v. *Meins,* 135 Mass. 231. *Damrell* v. *Hartt,* 137 Mass. 218. *Joslin* v. *Rhoades,* 150 Mass. 301. *Bassett* v. *Nickerson,* 184 Mass. 169. *Merrill* v. *Webster,* 187 Mass. 562. *Martin* v. *Foskett,* 189 Mass. 368. *Pitts* v. *Milton,* 192 Mass. 88. *Galligan* v. *McDonald,* 200 Mass. 299.

*Ware* v. *Minot,* 202 Mass. 512, is not in conflict with what is

here decided. In that case the son took merely a life estate, with a remainder to such persons as he might by will appoint. See *Collins* v. *Wickwire,* 162 Mass. 143; *Kemp* v. *Kemp,* 223 Mass. 32.

*Decree of the Probate Court affirmed.*