ETTA E. KNIBBS, executrix, *vs.* JOHN W. KNIBBS, JR., & others.

Worcester. May 22, 1920. — June 22, 1920.

Present: RUGG, C. J., CROSBY, PIERCE, CARROLL, & JENNEY, JJ.

*Devise and Legacy,* Estate in fee or for life. *Trust,* What constitutes.

A will in the handwriting of the testator read as follows: "I . . . being of sound mind and know what I want, do hereby bequeath to my dear wife all of my property real and personal . . . to have and to hold, spend whatever pleases her. After her death whatever may be left, leave to my only sister's child . . . five hundred dollars. The rest to be equally divided between our dear children or their heirs. . . . If in the judgment of my dear wife she deems it best, furnish money to put our grandson . . . through Dartmouth College." *Held,* that

(1) The testator's widow received an absolute estate in the real and the personal property;

(2) The provisions as to persons other than the widow were to be interpreted as expressive of a desire and request which did not affect the absolute estate given to the widow;

(3) The persons other than the widow had no right under the will enforceable either at law or in equity.

BILL IN EQUITY, filed in the Supreme Judicial Court on January 19, 1920, by the executrix of the will of John W. Knibbs, late of Worcester, for instructions.

This will was in the handwriting of the testator and, exclusive of the signature, read as follows:

"Worcester, Mass., Dec. 27, 1910.

"Be it known to all men, that I, John W. Knibbs, being of sound mind and know what I want, do hereby bequeath to my dear wife all of my property real and personal, my wife to pay all of my just debts, she shall not furnish a bond, simply pay all just bills, and collect all bills due me, to have and to hold, spend whatever pleases her.

"After her death whatever may be left, leave to my only sister's child, Bessie Sherman five hundred dollars.

"The rest to be equally divided between our dear children or their heirs, Chas. H. — John W. Jr. and Lila I.

"If in the judgment of my dear wife she deems it best, furnish money to put our grandson C. C. through Dartmouth College.

"This is my last will and testament."

The suit was reserved by the Chief Justice upon the petition and answers for determination by the full court.

The case was submitted on briefs.

*H. L. Parker,* for the plaintiff.

*W. E. Sibley, C. M. Blair & B. Young,* for the defendant J. W. Knibbs, Jr.

*W. A. White,* guardian *ad litem* for C. C. Knibbs and others.

CROSBY, J. This is a bill in equity for instructions as to the disposition of the estate of John W. Knibbs, whose will is dated December 27, 1910. It is the contention of the plaintiff that, under the will, she takes absolutely all the real and personal property owned by the testator at the time of his decease. The defendant John W. Knibbs, Jr., claims that the plaintiff takes the use and income of the estate for life with power to spend so much of the principal as may be necessary for her personal needs and pleasure, that she takes all the property in trust, and that it is her duty to qualify as trustee.

The concise and emphatic language of the will, which is in the handwriting of the deceased, shows that he had a definite and clear purpose in mind respecting the disposition which he desired to make of his entire estate. He states "I . . . know what I want, [and] do hereby bequeath to my dear wife all of my

property real and personal, . . . to have and to hold, spend whatever pleases her." The widow is not limited in her authority to use the principal or such part of it as may be reasonably necessary for her comfort and support but is entitled to "spend whatever pleases her." No restriction is placed upon her power to expend the principal for any purpose she may desire.

The provision that she is "to have and to hold" the entire estate and to "spend whatever pleases her," in the absence of limiting words, creates an absolute ownership in real estate, R. L. c. 135, § 22, *Dorr* v. *Johnson,* 170 Mass. 540, *Bassett* v. *Nickerson,* 184 Mass. 169, and in personal property, because under a life estate she could not "spend whatever pleases her" if the right to do so were subject to the authority of a court, or depended upon what was reasonably necessary for her comfort and support, in view of the subsequent provisions relating to the disposition of the possible unexpended property at her death. By the true construction of the will the testator's widow takes title in fee to the real estate and an absolute ownership of the personal property. *Kelley* v. *Meins,* 135 Mass. 231. *Joslin* v. *Rhoades,* 150 Mass. 301. *Davis* v. *Davis,* 225 Mass. 311.

The language used is distinguishable from that under consideration in *Chase* v. *Ladd,* 153 Mass. 126, *Kent* v. *Morrison,* 153 Mass. 137, *Dana* v. *Dana,* 185 Mass. 156, *Allen* v. *Hunt,* 213 Mass. 276, and *Kemp* v. *Kemp,* 223 Mass. 32.

The remaining clauses are not inconsistent with the conclusion reached. The gifts to his sister's child and to his own children, and the suggestion for the education of his grandson, in view of the earlier provision for his wife do not affect the absolute interest given to her. They are to be interpreted as expressions of a desire and request that his wife will carry out his wishes, but they are in harmony with his belief that at her death there might remain some part of the estate, which he would like the persons named to have as indicated, if such disposition did not destroy the absolute gift to his wife under the first paragraph of his will. *Hess* v. *Singler,* 114 Mass. 56. *Poor* v. *Bradbury,* 196 Mass. 207. *Dexter* v. *Young,* 234 Mass. 588.

The plaintiff is instructed (1) that as widow she took an absolute estate in the real and personal property; and (2) that neither defendant under the will has any right enforceable in law or equity.

*So ordered.*