HARRY S. MYRICK, executor, *vs.* BESSIE STOWE & another.

Worcester.   September 26, 1921. — October 13, 1921.

Present: RUGG, C. J., DE COURCY, PIERCE, CARROLL, & JENNEY, JJ.

*Devise and Legacy,* Absolute estate.   *Trust.*

Where the absolute and unrestricted ownership of property is given by will, a limitation over is void, because such a limitation is inconsistent with the full and complete title already given.

A testatrix by her will gave to her "beloved husband . . . all . . . [her] property of whatever nature . . . excepting $3,000" given to a cousin, which, if the cousin died before the husband, should be the husband's. She also gave to each of two other persons $1,000, with the provision, "The above $2,000 to be paid to the" persons designated "after the death of my beloved husband." *Held,* that

(1) The natural inference to be drawn from the conflicting clauses was that the testatrix supposed she had the power and intended to give to her husband the full right to the use and consumption of her property, with a gift over to the two persons designated of $1,000 each, payable at the death of the husband should that sum be unconsumed at his death;

(2) Since this intent of the testatrix could not be worked out, the two gifts of $1,000 each were invalid.

BILL IN EQUITY, filed in the Probate Court for the county of Worcester on June 28, 1921, by the executor of the will of Lizzie A. S. Myrick, late of Worcester, for instructions.

Material allegations and prayers of the bill are described in the opinion. The answers of the defendants Bessie and Blanche Stowe included petitions that the plaintiff executor, who also was the husband, chief beneficiary under the will and the party adversary to the defendants, be required to give sureties on his bond as executor, and that the defendants be appointed trustees under the will of the $1,000 given to them, respectively.

In the Probate Court the bill was heard by *Forbes*, J., by whose order a decree was entered declaring the legacies to the defendants to be valid and that they were entitled to receive them, without interest, on the death of Harry S. Myrick, and directing that the plaintiff, "residuary legatee under said will, pay to the" defendants "for their costs and expenses in this matter the sum of $100." Both the plaintiff and the defendants appealed from the decree, and the judge reported the case to this court, stating in his report that the petitions annexed to the defendants' answers were dismissed.

The case was submitted on briefs.

*H. S. Haskell & G. A. Humphrey*, for the plaintiff.

*H. W. B. Cotton & J. R. Cotton*, for the defendants Bessie and Blanche Stowe.

PIERCE, J. This is a bill in equity filed in the Probate Court by the executor under the will of Lizzie A. S. Myrick, praying instructions upon the following interrogatories:

"1. Does your petitioner as husband of said Lizzie A. S. Myrick take in fee simple all of her real estate and absolutely all her personal property excepting $3,000 which she gave to her cousin, Lucinda C. Harrington?

"2. Are the legacies to Bessie Stowe and Blanche Stowe valid legacies?

"3. If said legacies to Bessie Stowe and Blanche Stowe are valid legacies when should said legacies be paid?

"4. If said legacies to Bessie Stowe and Blanche Stowe are valid legacies, who is entitled to the income on said sum of $2,000 from the date of death of said Lizzie A. S. Myrick during the lifetime of Harry Strong Myrick?

"5. If this court decides that said legacies to Bessie Stowe and Blanche Stowe are valid and should be paid after the death of your petitioner, shall your petitioner hold the said sum as executor, or shall he petition this court for the appointment of a trustee under said will to hold said sum?

"6. And also for such further instructions as to your Honor seem to be proper and necessary in the premises."

The will provided as follows: ". . . To my beloved husband Harry Strong Myrick all my property of whatever nature I may die possessed of, excepting three thousand dollars ($3,000)

which I give to my cousin Lucinda C. Harrington. Should the said Lucinda C. Harrington die before Harry Strong Myrick, then the three thousand dollars ($3,000) willed to her becomes a part of my estate and goes to the said Harry Strong Myrick.

"To Bessie Stowe one thousand dollars ($1,000) and Blanche Stowe one thousand dollars ($1,000), children of Mary Norris Stowe and Martin Augustus Stowe. The above two thousand dollars to be paid to the said Bessie and Blanche Stowe after the death of my beloved husband Harry Strong Myrick."

The plaintiff's claim that under said will the said Harry S. Myrick takes the personal and real estate owned by the deceased at her death absolutely and in fee simple, excepting $3,000 which she gave to her cousin Lucinda C. Harrington. The defendants Bessie Stowe and Blanche Stowe claim that they are each entitled to a legacy of $1,000, with interest thereon from the death of the deceased. The property left by the deceased included an equity in real estate inventoried at $4,000, and personal property inventoried at $11,097.87. After hearing and consideration the Probate Court decreed that "The said legacies to Bessie Stowe and Blanche Stowe of $1,000 each are valid;" and that "The said legatees are entitled to receive their legacies of $1,000 each immediately upon the death of the said Harry S. Myrick without interest. It is further ordered that the petitioner, residuary legatee under said will, pay to the said respondents for their costs and expenses in this matter the sum of $100."

Subject to the payment of $3,000 to Lucinda C. Harrington, under the terms of the gift, the husband, as devisee of real estate and as legatee of personal property, took a fee in the real estate which the testatrix could lawfully devise and an absolute ownership in the personal property of which she died possessed "unless it clearly appears by the will that . . . [the testatrix] intended to convey a less estate." R. L. c. 135, § 22. G. L. c. 191, § 18. *Richardson* v. *Noyes*, 2 Mass. 56, 59. *Parker* v. *Parker*, 5 Met. 134. The crucial question is whether the provision of the will, whereby legacies of $1,000 are bequeathed to Bessie and Blanche Stowe to be paid after the death of the husband, raises an inference which is clear and satisfactory to the mind that the testatrix intended to devise and bequeath to her hus-

band a less estate than a fee in the land and an interest in the personal property less than absolute.

The scheme and object of the will by natural inference shows an intent that the husband of the testatrix should have the full use and the full enjoyment of all the property of the testatrix. The will nowhere by a comparison of its several provisions discloses an intent that the estate devised and bequeathed should be held by the husband in fee as to part, and as a life tenant or trustee as to the part bequeathed to Bessie and to Blanche Stowe. The natural inference to be drawn from the conflicting clauses is that the testatrix supposed she had the power and intended to give to her husband the full right to the use and consumption of her property, with a gift over to Bessie and Blanche Stowe of $1,000 each, payable at the death of the husband should that sum be unconsumed at his death. This intent manifestly cannot legally be worked out because, to do so would be to violate the well settled principle "that where the absolute and unrestricted ownership of property is given by will, a limitation over is void, because such a limitation is inconsistent with the full and complete title already given." *Davis* v. *Davis*, 225 Mass. 311, 312, and cases there collected.

The decree of the Probate Court must be reversed, and a decree entered in accordance with this opinion.

*Decree accordingly.**

---

* HARRY S. MYRICK, executor, *vs.* BESSIE STOWE & another.

Worcester.    September 26, 1921. — October 13, 1921.

Present: RUGG, C. J., DE COURCY, PIERCE, CARROLL, & JENNEY, JJ.

PIERCE, J. This is an appeal by Bessie Stowe and Blanche Stowe from the allowance of the first account of Harry S. Myrick, executor under the will of Lizzie A. S. Myrick, deceased.

The account was filed by the executor on June 30, 1920, after an order of the Probate Court that an account be filed. It was allowed on July 27, 1921, before the decree construing the will was filed on July 29, 1921. The objections taken by the appellants to the allowance of this account and to the decree of the court manifestly were taken and made upon the supposition that the

legacies to Bessie and Blanche Stowe were valid. The principal opinion, *Myrick* v. *Stowe, ante,* 14, decides them to be invalid. It results that the decree must be reversed and the case be remanded to the Probate Court for an accounting therein to conform to the aforesaid opinion.

*Decree accordingly.*