FREDERIC R. GALLOUPE, executor, *vs.* MARIA F. BLAKE & others.

Norfolk.    December 7, 1923. — February 28, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Devise and Legacy*, Survivorship, Lapsing of legacy.

A testatrix, by each of a group of three clauses in her will, directed as follows: " To my cousins . . . [naming two persons] in equal shares, . . . son and daughter of . . . [a named person], or the survivor of them, I give the sum of Five Thousand ($5,000) Dollars." By a fourth clause, she gave to another named cousin "if she survives me," the sum of $2,500. All of the persons named in the first three clauses died before the testatrix excepting one of those named in the third clause. *Held,* that

(1) It was the intention of the testatrix as to each group that both legatees, if living at her decease, should divide the $5,000, but that in case one died before her, the survivor should take the whole amount;

(2) The survivor of the two named in the third clause was entitled to $5,000;

(3) It appearing that both of those mentioned in the first clause left issue living at their decease, the children of each of them were entitled to $2,500, although one of the named cousins died before the other, the general rule that the language of a will ordinarily is to be construed as of the time of the death of the testator applying;

(4) It appearing that only one of those mentioned in the second clause left issue living at his decease, the survivorship provision was to be given effect by distributing the $5,000 among such issue as survived the cousin, mentioned therein, who had died without issue;

(5) The provisions of G. L. c. 191, § 22, prevented the legacies in the first two clauses from lapsing upon the death of the cousins therein named, there being no inconsistent provision in the will making the statute inapplicable.

PETITION, filed in the Probate Court for the county of Norfolk on April 19, 1923, by the executor of the will of Ann Maria Fosdick for instructions.

The petition was heard by *McCoole*, J. Material facts are described in the opinion. By order of the judge, a decree was entered that legacies in the second paragraph of the will to cousins of the testatrix, Elizabeth A. Mason, Channing Frothingham, Mrs. Sadie Holland, Wellington Frothingham and John S. Frothingham, lapsed and fell into the rest, residue and remainder of the estate to be disposed of in accordance with the tenth article of said will, and that the legacy given to the cousin of the testatrix, Mrs. Mary T. F. Low, was in the sum of $2,500. Maria F. Blake, Albert L. Mason, Elizabeth Frothingham, Francis Mason, William I. Frothingham, Lawrence P. Frothingham, Channing Frothingham, Jr., Alexander Holland, Mary F. Holland, and Mary T. F. Low appealed from the decree.

*J. Abbott,* for the petitioner, stated the case.

*G. R. Nutter, (W. E. Fuller* with him,) for Maria F. Blake & others.

*C. M. Rogerson,* for Massachusetts General Hospital.

*C. M. Davenport,* for The Boston Dispensary.

*H. T. Davis,* for William I. Frothingham & others, submitted the case without argument or brief.

CROSBY, J. This is a petition brought by the executor of the will of Ann Maria Fosdick for instructions as to whom certain legacies under Article 2 of the will are to be paid and in what amounts. This article, so far as material to the questions to be decided, is as follows:

" 2. To my cousins, Elizabeth A. Mason and Channing Frothingham, in equal shares, of Brooklyn, New York, son

and daughter of Isaac H. Frothingham, or the survivor of them, I give the sum of Five Thousand (5,000) Dollars.

" To my cousins, Mrs. Sadie Holland and Wellington Frothingham, of said Brooklyn, children of Abraham R. Frothingham, in equal shares, or the survivor of them, I give the sum of Five Thousand (5,000 )Dollars.

" To my cousins, John S. Frothingham and Mrs. Mary T. F. Low, of said Brooklyn, children of John W. Frothingham, in equal shares, or the survivor of them, I give the sum of Five Thousand (5,000) Dollars.

" To my cousin, Miss Mary F. Robinson, the daughter of Martha C. Robinson, if she survives me, I give the sum of Twenty-five Hundred (2,500) Dollars."

The will is to be construed in accordance with the intention of the testatrix. It is dated June 28, 1910. The testatrix died May 2, 1922. All the persons named in the first three clauses of Article 2 predeceased the testatrix, except Mary T. F. Low, named in the third clause. Channing Frothingham died before Elizabeth A. Mason. The appellants, Maria F. Blake, Albert L. Mason, Elizabeth Frothingham and Francis Mason are children of Elizabeth A. Mason. William I. Frothingham, Lawrence P. Frothingham, Channing Frothingham, Jr., are children of Channing Frothingham. Wellington Frothingham died before Sadie Holland and without leaving children. The appellants Alexander Holland and Mary F. Holland are children of Sadie Holland. John S. Frothingham died without issue. The residue of the estate under the will is given in equal shares to ten charities. It is the contention of these residuary legatees that the gifts to the persons named in the first three clauses of Article 2 lapsed, with the exception of the gift to Mrs. Low, and that she is entitled to $2,500 thereunder. It is the contention of the appellants, with the exception of Mrs. Low, that, by reason of G. L. c. 191, § 22, the legacies did not lapse and that the children of the survivor in each such instance take the gift. Mary T. F. Low contends that as the survivor of John S. Frothingham, who died without issue, she is entitled to $5,000 and not merely to one half of it.

It is plain that it was the intention of the testatrix that

as to each group, both legatees, if living at her decease, should divide the $5,000; but as one might predecease her, she provided in that contingency that the survivor should take the whole amount. If she had intended that each should receive $2,500, it is a rational inference that she would have so provided by express language. The words " or the survivor of them " are meaningless unless she intended that the survivor should take the whole amount. The fact that the legatees expressly named constitute a class does not conclusively show that the gifts were to them only as individuals; and does not defeat the intention of the testatrix that there shall be survivorship between them. *Jackson* v. *Roberts,* 14 Gray, 546, 551. *Springfield Safe Deposit & Trust Co.* v. *Dunn,* 243 Mass. 7, 10. The circumstance that in the fourth clause of Article 2 the testatrix made a gift of $2,500 to her cousin Mary F. Robinson " if she survives me " does not indicate that it was her intention that each cousin should survive her to be entitled to a legacy given in the first, second or third clause of that article. The words " or the survivor of them " cannot be construed as showing that the legacies in the first three clauses must fail if the legatees named did not survive her. The reason why the legacy given under the fourth clause was limited to $2,500 does not appear, nor is it material. It is a rational inference that it was the intention of the testatrix that if one of the persons named predeceased her the other would be substituted and become the sole legatee as to the whole amount given them together. As the survivor of the legatees named in the third clause of Article 2, it is plain that Mrs. Low, by the express language of that clause is entitled to receive $5,000.

Under the first clause of Article 2, Elizabeth A. Mason and Channing Frothingham, or the survivor of them, were given $5,000 in equal shares. Both predeceased the testatrix, and both left children. The question is whether the children of Mrs. Mason, who survived Channing Frothingham, are to take the entire amount of the bequest, or whether it is to be distributed among the children of each of the legatees named. While the will provides that the surviving

legatee shall take the entire amount, yet there is nothing to indicate that, in the event of the death of both of these named legatees before the death of the testatrix, she intended to distinguish in the survivorship provision between the children of these legatees, or to give a preference to the children of either. She must have known that both legatees named might predecease her, and that each might leave children. The general rule that the language of a will ordinarily is to be construed as of the time of the death of the testator, *Bosworth* v. *Stockbridge*, 189 Mass. 266, is applicable to the legacy given under the first clause. We are of opinion that it was her intention that, in the event of the death of both of these cousins before her decease, the children of each should take one half the entire amount.

By the second clause of Article 2, Sadie Holland and Wellington Frothingham, " or the survivor of them," are given $5,000 in equal shares. As both predeceased the testatrix, and as Wellington Frothingham died without issue, it is manifest that the survivorship provision is to be given effect by distributing the entire amount of the legacy among the issue of Mrs. Holland who survived Wellington Frothingham.

The contention that the legacies under the first, second and third clauses of Article 2 lapsed cannot be sustained, in view of G. L. c. 191, § 22, which provides that, " If a devise or legacy is made to a child or other relation of the testator, who dies before the testator, but leaves issue surviving the testator, such issue shall, unless a different disposition is made or required by the will, take the same estate which the person whose issue they are would have taken if he had survived the testator." Under this statute legacies to cousins are legacies to relatives within its terms, *Howland* v. *Slade*, 155 Mass. 415, and it is applicable to the legacies in question although each is to two persons jointly and not to them separately. When a gift is made to a class of relatives of a testator, the statute operates to change the rule of the common law that a class is to be determined as of the time of distribution. When a gift is made to a class of relatives and one of them dies before the testator,

the issue of such deceased person who would otherwise be a member of the class takes that person's share. *Moore* v. *Weaver,* 16 Gray, 305, 307. *Stockbridge, petitioner,* 145 Mass. 517. *Howland* v. *Slade, supra.* There is no inconsistent provision in the will making the statute inapplicable to the legacies under the first three clauses of Article 2.

The decree entered in the Probate Court is reversed. A decree is to be entered directing that under the first clause of Article 2 the sum of $2,500 be divided equally among the children of Elizabeth A. Mason; that the sum of $2,500 be divided equally among the children of Channing Frothingham; that the sum of $5,000 given in the second clause of Article 2 be divided equally between the children of Mrs. Sadie Holland; and that the sum of $5,000 given in the third clause of Article 2 be paid to Mrs. Mary T. F. Low. Counsel fees as between solicitor and client may be allowed out of the estate in the discretion of the Probate Court.

*Ordered accordingly.*