WILLIAM M. McINNES, executor, *vs.* EDMUND J. SPILLANE, guardian, & another.

Suffolk.      March 8, 1933. — March 31, 1933.

Present: RUGG, C.J., WAIT, FIELD, DONAHUE, & LUMMUS, JJ.

*Devise and Legacy*, Time of vesting.

The will of an unmarried man, written in his own handwriting, contained a legacy of $500 to the daughter, about two and one half years of age, of his housekeeper, who was about twenty-nine years of age, "and if she [the daughter] is not survived by her mother . . . [$2,000] more." A substantial legacy of personal property and cash was given to the housekeeper. Another legacy was to a certain woman and "if . . . [she] does not survive me and her mother does, to . . . [her mother]." All the legacies other than that to the daughter of the housekeeper plainly were intended to take effect at the death of the testator. The will contained no express provisions relative to the postponement of the vesting of the additional legacy to the daughter of the housekeeper, or provisions as to the handling of the $2,000 and the disposal of the income thereof during the period before such legacy vested, if its vesting were to be postponed. The housekeeper and her daughter both survived the testator. *Held*, that .

(1) The phrase, "if she is not survived by her mother," in the legacy to the daughter of the housekeeper should be construed as if it read "if at my death she is not survived by her mother";

(2) The total gift to the daughter of the housekeeper was $500; the provision as to the additional gift of $2,000 never became operative;

(3) There was no merit in a contention that the daughter of the housekeeper took the additional $2,000 because, she and her mother both being alive at the time of the testator's death, she was not survived by her mother: the nonsurvivorship of the daughter by her mother contemplated by the testator was nonsurvivorship due to the death of the mother.

PETITION for instructions, filed in the Probate Court for the county of Suffolk on November 16, 1932, by the executor of the will of Walter Bowen Waterman, late of Boston.

The petition was heard by *Poland,* J., upon an agreed statement of facts. Material facts and a decree entered by order of the judge are described in the opinion. The respondent Edmund J. Spillane, guardian of Mabel E. Spillane, appealed.

*A. A. Gleason,* stated the case.

*E. W. Ogden,* for Edmund J. Spillane, guardian.

*J. P. Carr,* (*H. Rogers* with him,) for Massachusetts General Hospital.

FIELD, J. Walter Bowen Waterman, late of Boston, a school teacher, died May 6, 1927, leaving a will in his own handwriting executed November 24, 1926, by which he disposed of furniture and personal effects, gave numerous pecuniary legacies, and gave the residue of his estate to the Massachusetts General Hospital.

The testator never married. At the time of his death his household consisted of Edmund J. Spillane, his wife, Hazel M. Spillane, born May 8, 1897, and their daughter, Mabel E. Spillane, born April 9, 1924. Mrs. Spillane was the testator's housekeeper before her marriage, and after her marriage continued to reside with her husband in the testator's house until his death. There the daughter was born and lived until the testator's death.

Among the pecuniary legacies given by the will was one in the following words: "to Mabel Elizabeth Spillane five hundred dollars; and if she is not survived by her mother, Hazel, two thousand dollars more." The executor of the will petitioned the Probate Court for instructions as to

the distribution of this legacy and it was decreed "that the total gift by said clause to Mabel Elizabeth Spillane is the sum of five hundred dollars." There was an appeal by her guardian which we treat as an appeal in her behalf. See. *Madden* v. *Madden*, 279 Mass. 417, 424.

We think that the clause of the will in question was correctly interpreted by the Probate Court.

Clearly the legacy of $500 to Mabel E. Spillane took effect as of the death of the testator. Whether she is now, or may in the future become, entitled to the additional amount of $2,000 depends upon the interpretation to be given to the phrase "if she is not survived by her mother, Hazel."

In ascertaining the intention of the testator, the phrase quoted is to be construed in the light of the will as a whole and the circumstances known to the testator when he made it (*Sewall* v. *Elder*, 279 Mass. 473, 476–477), and also with reference to the principle that a will speaks as of the time of the testator's death. *Galloupe* v. *Blake*, 248 Mass. 196, 199–200. There are indications that this testator intended that the question, whether the contingency upon which the additional gift was to take effect had happened, was to be determined as of that time. The use of the present tense in the phrase "if she is not survived" suggests that the testator had in mind a situation which would exist, if ever, when the will took effect, rather than one which might arise at some indefinite time thereafter. All other gifts took effect as of the time of the testator's death. The will contains no express provision for postponement of vesting of the additional legacy to Mabel in interest or in possession, for keeping the estate open until either she or her mother died, for a trustee during the period of their joint lives, or for the disposal of the income during that period, though, in view of their ages at the time the will was made, the testator must have known that it might be many years before the death of either of them. If postponement of vesting of the gift in interest or in possession had been intended the law would provide machinery for carrying out that intention and would imply a disposition of the

income, but the absence of provisions for such machinery and for the disposal of the income during the joint lives tends to show that the testator had no such intention. See *Brimmer* v. *Sohier*, 1 Cush. 118, 129–130. Furthermore, the conclusion that Mabel's right, if any, to the additional legacy is to be determined as of the death of the testator seems more natural and more in accord with the general scheme of the will than a conclusion postponing such determination for an indefinite time. There is a gift by the will to Mabel's mother in the following words: "to Hazel M. Spillane my remaining household furnishings — including furniture, rugs, pictures, silverware — my remaining jewelry my books and clothing, and ten thousand dollars." Since Mrs. Spillane was not a relation of the testator this legacy would lapse if she predeceased him. G. L. (Ter. Ed.) c. 191, § 22. *Worcester Trust Co.* v. *Turner*, 210 Mass. 115, 120. And he might naturally have wished to make an additional gift to Mabel in that event since she would have no chance of benefiting from the legacy to her mother. But it is not so easy to discover any reason why he should give her an additional legacy of $2,000 to take effect on the death of her mother in the possibly far distant future. From these considerations we conclude that it is in accordance with the testator's intention to construe the clause "if she is not survived by her mother" as if it read "if *at my death* she is not survived by her mother," so that in the events which have happened the additional gift of $2,000 to Mabel can never become operative. See *Lovering* v. *Balch*, 210 Mass. 105, 109.

The considerations stated seem to us to outweigh the argument, which, however, is not without weight, based on a legacy "to Alice N. Snow, of Boston, three thousand dollars; if said Alice does not survive me and her mother does, to Mrs. Charles Snow two thousand dollars," that the testator knew how to express in accurate terms the intention which we attribute to him in respect to the legacies to Mabel and her mother, and that the use by him of different terms in giving these legacies shows a different intention on his part. There are however differences, apart from the mat-

ter of survivorship, between the two cases which may account for the difference in phraseology. And a person like the testator, presumably not accustomed to drafting legal instruments, might not be aware of the significance attached to the use of different expressions in different parts of a will.

There is no merit in the contention that, even if the survival or nonsurvival of Mabel by her mother is to be determined as of the testator's death, Mabel took the additional legacy since, as both she and her mother were then living, Mabel was not "survived" by her mother. Plainly the nonsurvivorship of Mabel by her mother contemplated by the testator was nonsurvivorship due to the death of Mrs. Spillane.

*Decree affirmed.*