MICHAEL J. O'REILLY, executor, *vs.* MARY J. IRVING & others.

Bristol. October 23, 1933. — December 2, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Devise and Legacy,* What estate.

By the eleventh paragraph of his will, a testator gave to his housekeeper "the rest and residue of my estate whether real or personal." In the twelfth paragraph the testator explained why he omitted provisions for his relatives. In the thirteenth, he nominated an executor. The fourteenth paragraph read as follows: "After the death of . . . my housekeeper . . . I·bequeath & devise the rest & residue of my estate both real & personal to" a religious corporation. Upon a petition by the executor for instructions, it was *held,* that

(1) By the eleventh clause an absolute title, not an estate for life, was given to the housekeeper;

(2) The intent of the testator expressed in the fourteenth clause was that, if the housekeeper died before the testator, the religious corporation should receive the rest and residue of the estate.

PETITION, filed in the Probate Court for the county of Bristol by the executor of the will of John W. Quirk, late of Taunton, for instructions.

The petition was heard by *Hitch,* J. It appeared that in the twelfth paragraph of his will, the testator explained why he omitted provisions for his relatives. In the thirteenth, he nominated an executor. Other material facts are stated in the opinion. The judge caused to be entered a decree, reciting "that this is a clear case of an absolute gift of property with an attempted limitation over in a later clause of the will and that the limitation over is void as inconsistent with and repugnant to the absolute gift", and instructing the petitioner that "Mary J. Irving takes an absolute property in the personal property comprised in the rest and residue of the testator's estate given her in the eleventh paragraph of said will."

The Catholic Foreign Missionary Society of America appealed.

*W. E. Kelley,* stated the case.

*H. Bergson,* for The Catholic Foreign Missionary Society of America.

*F. J. Roche,* for Mary J. Irving.

CROSBY, J.  This is a petition brought in the Probate Court by the executor of the will of John W. Quirk for instructions as to the proper construction of the eleventh and fourteenth paragraphs of the will which are as follows: "11th.  To Miss Mary J. Irving who for twenty years has been my faithful, honest and efficient housekeeper I bequeath and devise the rest and residue of my estate whether real or personal."  "14th.  After the death of Miss Mary J. Irving, (my housekeeper) I bequeath & devise the rest & residue of my estate both real & personal to the Catholic Foreign Missionary Society of America, Maryknoll P. O. New York."

It is the contention of the respondent Mary J. Irving that in accordance with the terms of the eleventh paragraph she is entitled to the absolute ownership of the property in the rest and residue of the estate.  The respondent The Catholic Foreign Missionary Society of America contends that by the eleventh paragraph Mary J. Irving takes only a life estate, and that by the fourteenth paragraph the rest and residue after the death of Mary J. Irving vests in this respondent.

It was said in *McCurdy* v. *McCallum,* 186 Mass. 464, at page 469: "In England, as here, the cardinal rule in the interpretation of wills, to which all other rules must bend, is that the intention of the testator shall prevail, provided that it is consistent with the rules of law."  It is equally well settled that where the absolute and unrestricted ownership of property is given by a will, a limitation over is void because such limitation is inconsistent with the full and complete title already given.  *Ide* v. *Ide,* 5 Mass. 500, 504.  The bequest and devise given in the eleventh paragraph of the will is contained in a single sentence and

stands alone. It is not joined in position or otherwise with any attempt to limit or qualify it, and when the testator wrote it he disposed of his entire estate. It is separated from paragraph fourteen by two paragraphs relating to distinct matters. In this respect the case is plainly distinguishable from *Temple* v. *Russell*, 251 Mass. 231, and *Bramley* v. *White*, 281 Mass. 343, where in each instance the testator, in the same sentence, in close connection and in a continuous and logical line of thought, expresses a limitation upon the bequest and devise previously given. As the testator here by the eleventh clause of his will gives the rest and residue of his estate both real and personal to Mary J. Irving, she takes an absolute property in such personal estate. It is well settled that in the construction of wills the intent of the testator is to be ascertained from the whole instrument giving due weight to all its language unless prevented by some positive rule of law. *Ware* v. *Minot*, 202 Mass. 512, 516. *Sewall* v. *Elder*, 279 Mass. 473, 476–477. It is plain that it was the intent of the testator that in the event Mary J. Irving predeceased the testator the rest and residue of his estate should vest in The Catholic Foreign Missionary Society of America under the fourteenth paragraph, but as she survived the testator the entire rest and residue of the estate became vested in Mary J. Irving under the eleventh paragraph. In other words the fourteenth clause was to be effective only in the event that she did not survive the testator. *McInnes* v. *Spillane*, 282 Mass. 514. The case is governed by *Ide* v. *Ide*, 5 Mass. 500, *Kelley* v. *Meins*, 135 Mass. 231, 234, *Mullaney* v. *Monahan*, 232 Mass. 279, 283, *Davis* v. *Davis*, 225 Mass. 311, *Knibbs* v. *Knibbs*, 236 Mass. 182, and *Myrick* v. *Stowe*, 240 Mass. 14.

The decree of the Probate Court that Mary J. Irving takes an absolute property in the rest and residue of the testator's estate given to her in the eleventh paragraph of the will must be affirmed.

*Ordered accordingly.*