MELVIN A. MILLS *vs.* FRANCIS A. BLAKELIN & another.

Essex. December 7, 1939. — December 30, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, COX, & RONAN, JJ.

*Devise and Legacy*, What estate. *Restraint on Alienation. Real Property.*

A testator, in a devise of "all" his real estate "to my three children," naming them, "in equal shares and if either of my said children shall die without issue, his, her or their share or shares shall revert to the said children then living, meaning hereby that said estate or the proceeds from sale or rental income thereof shall continue in the heirs of my lineal descendants," intended that the three named children, if they survived the testator, as they did, should receive an estate in fee.

A devise of real estate in fee to three named children of a testator, who survived him, could not be cut down by a further provision, following in the same paragraph and reading: "And I herein forbid the sale or partition of said real estate without the consent of two of my said children during said children's lifetime, but desire my said executor to rent said estate, and after paying all necessary expenses thereon to divide the remainder of said income equally among my living children — until a sale can be made as herein provided."

PETITION, filed in the Probate Court for the county of Essex on January 17, 1923, by the executor of the will of Elizabeth Mills, late of Lawrence, for instructions.

The case was heard by *Costello,* J., and a decree was entered "that by the terms of said will Melvin A. Mills, Hannah M. Blakelin and Annie L. Moulton took the real estate described in the petition in fee." Francis A. Blakelin and Grace M. Blakelin appealed; and in this court the case was submitted on briefs.

*J. P. Kane,* for the respondents Francis A. Blakelin and another.

*A. G. Peirce,* for Melvin A. Mills.

RONAN, J. Elizabeth Mills died testate in 1907, leaving as her next of kin three children, Hannah M. Blakelin, Annie L. Moulton and Melvin A. Mills. Her will provided for the following disposition of her real estate: "Item 2. Any and all real estate that I may possess at the time of my death, I give devise and bequeath to my three children Hannah M. Blakelin Annie A Moulton and Melvin A Mills in equal shares and if either of my said children shall die without issue, his, her or their share or shares shall revert to the said children then living, meaning hereby that said estate or the proceeds from sale or rental income thereof shall continue in the heirs of my lineal decendants [*sic*]. And I herein forbid the sale or partition of said real estate without the consent of two of my said children during said children's lifetime, but desire my said executor to rent said estate, and after paying all necessary expenses thereon to divide the remainder of said income equally among my living children — until a sale can be made as herein provided." After distributing all her personal property substantially equally to her three children, with the exception of small legacies to her grandchildren and a friend, the will provided that the residue be given to her three children "if living and if. either of my said children shall die without lineal decendants [*sic*] I desire that his or her share shall be given or revert to my other living children, this last clause referring to property mentioned in this Item No 11 only."

Mrs. Moulton, a widow, died intestate in 1910 leaving no issue. Mrs. Blakelin died in 1932 leaving two children, Francis A. Blakelin and Grace M. Blakelin, the appellants. A third child, Marcia V. C. Blakelin, a single woman, died intestate prior to the death of her mother. The petitioner Mills is the only surviving child of the testatrix. All the real estate was sold in 1920 and this petition, which seeks a construction of the will in order to determine the rights of the parties in the proceeds of the sale, was filed in the Probate Court of Essex County on January 17, 1923. The case is here by appeal of the two children of Mrs. Blakelin from a decree of the Probate Court, entered on August 2, 1939, adjudging that the will devised the real estate in fee to the three children of the testatrix.

"The rule for the construction of wills followed by courts in recent times is to ascertain the intent of the testator from the whole instrument, attributing due weight to all its language, and then give effect to that intent unless prevented by some positive rule of law . . . . It is permissible also to look at all the material circumstances in the light of which the will was executed in order to comprehend the sense and purpose of the language employed." *Ware* v. *Minot*, 202 Mass. 512, 516. *Sewall* v. *Elder*, 279 Mass. 473, 476–477. The ascertainment of the intent of the testator may be facilitated by reference to the general principle that a will speaks as of the time of his death. *Galloupe* v. *Blake*, 248 Mass. 196, 199–200. *McInnes* v. *Spillane*, 282 Mass. 514, 516.

The second item of this will, which disposes of the realty, consists of two sentences: the first defines the devisees and the nature of the estate given to them, and the second provides for the management and sale of the property after it has passed under the will. This first sentence is composed of three clauses. In the first clause the testatrix devised all her real estate "to my three children Hannah M Blakelin Annie A Moulton and Melvin A Mills in equal shares." If that provision stood alone, it would be adequate to pass to each a fee in one undivided third interest in the realty. *Spooner* v. *Lovejoy*, 108 Mass. 529. *Bassett* v. *Nickerson*, 184 Mass.

169. *Daly* v. *Toohy*, 280 Mass. 51. But this clause must be construed with the clause that immediately follows and provides that the share of a child dying without issue should go to the children then living. This provision must be given its proper significance in the plan disclosed by her will for the disposition of her real property. It must be read in conjunction with the preceding clause whose language is sufficient to devise the absolute ownership of the property to the children. Full effect can be given to both clauses. The first clause is phrased in words of unmistakable import to the effect that the children are to take the property in fee. Its language is direct and positive. It expresses a purpose which dominates the rest of the provisions of her plan for the devise of her property. That purpose would be fully accomplished, if the children, as in fact they did, should survive their mother. On the other hand, the realization of her intent might be prevented if one of her children should predecease her, and in that event she was willing that the issue of a deceased child should take the share of the parent, G. L. (Ter. Ed.) c. 191, § 22, but the share of such a child dying without issue was to go to the surviving children of the testatrix. It was merely to provide for this last mentioned contingency that the testatrix inserted this second clause in the sentence now under consideration. The contingency never happened and this clause never became operative as all of her children survived her. *Briggs* v. *Shaw*, 9 Allen, 516. *Lovering* v. *Balch*, 210 Mass. 105. *McInnes* v. *Spillane*, 282 Mass. 514. *O'Reilly* v. *Irving*, 284 Mass. 522.

The remaining clause of the first sentence, that the "estate or the proceeds from sale or rental income thereof shall continue in the heirs of my lineal decendants [*sic*]," modifies the preceding clause and like it was not intended to become operative if the children survived their mother. *Hall* v. *Beebe*, 223 Mass. 306. Furthermore, this clause would be ineffective for the reasons hereinafter stated in construing the subsequent provisions of Item 2.

The second and remaining sentence of Item 2, forbidding a sale or partition without the consent of two of the chil-

dren, if then living, is inconsistent with the estate previously devised. A tenant in common has the right to alienate his interest and the exercise of his right to secure a partition of the land cannot be unduly restricted by making it conditional upon the assent of the other cotenant. *Roberts* v. *Jones, ante,* 504. The devise was to the children and not to the executor. He was not given any power of sale. The mere desire of the testatrix to have the rents collected and distributed by the executor seems to be hardly more than a direction or request to him. The expression of such a desire, without more, is insufficient in these circumstances to create a trust. *Barrett* v. *Marsh,* 126 Mass. 213. *Bramley* v. *White,* 281 Mass. 343. Furthermore, the limitation that proceedings for partition should not be brought without the consent of two of the children if they were then alive is persuasive evidence that the testatrix intended that ownership in the realty should pass to her children rather than that the title should be held in severalty by the executor. But it is unnecessary to refer to other provisions concerning the management of the property because, as the ownership in fee was given to the children at the death of their mother, their estate cannot be cut down by subsequent provisions repugnant to or inconsistent with their devises. *Kelly* v. *Meins,* 135 Mass. 231. *Damrell* v. *Hartt,* 137 Mass. 218. *Merrill* v. *Webster,* 187 Mass. 562. *Pitts* v. *Milton,* 192 Mass. 88. *Galligan* v. *McDonald,* 200 Mass. 299. *Davis* v. *Davis,* 225 Mass. 311. *O'Reilly* v. *Irving,* 284 Mass. 522.

The residue is given to her children, "if living" at the death of the testatrix, and it is provided that the share of a child who predeceased the testatrix and died without lineal descendants should go to the surviving children, "this last clause referring to property mentioned in this Item No 11 only." The difference in the phraseology between the residuary clause distributing the personalty and Item 2 devising the realty may be explained on the ground that the testatrix desired her children to have the full use and enjoyment of the personalty but wished to impose some restrictions on the management and sale of the realty after its ownership passed to them. But whatever may be the

reason for the difference in language between items 2 and 11, that difference is not controlling in view of the donative provisions. An intent fairly deducible from an examination of the entire will as a whole must prevail although the will may contain words which, if considered separate from and independent of the remainder of the will, might be indicative of another intent. *Knibbs* v. *Knibbs*, 236 Mass. 182. *Crowell* v. *Chapman*, 257 Mass. 492. *Bramley* v. *White*, 281 Mass. 343. *Commissioner of Corporations & Taxation* v. *Baker*, 303 Mass. 606.

*Decree affirmed.*